Brown vs. Ayer and Bates.

HINES HOLT; and WELLBORN, JOHNSON & SLOAN, for plaintiff in error.

Sol. Gen'l OLIVER, and WM. DOUGHERTY, for the State.

HENRY BROWN, plaintiff in error, vs. ALPHA K. AYER and ASA BATES, defendants in error.

[1.] If a defendant appeals from a verdict rendered against him and gives security, the defendant is bound for the whole and every part of the judgment which may be recovered on the appeal, while the security is bound for that part only which his principal cannot or does not pay.

Brown vs. Ayer and Bates.

[2.] If the plaintiff receive of the defendant one half of the amount of the judgment in full of his part thereof, it is a receipt in full of the entire judgment, as the entire judgment is the part of the defendant.

[3.] If a creditor agree to receive from his debtor a less sum in satisfaction of a greater, and the less sum is paid him and he accepts it, the contract is executed, and he cannot treat it as a nullity and recover the balance; otherwise if the contract is executory, and must be enforced through a court of law.

[4.] The discharge of the principal absolutely, without reserving the plaintiff's right against the security in the instrument, extinguishes the debt as to the surety.

Scire facias to revive judgment, from Muscogee. Tried before Judge WORRILL, May Term, 1857.

In 1837, Henry Brown brought an action of trover against Alpha K. Ayer. Upon the common law trial there was a verdict for plaintiff, from which the defendant Ayer appealed, and Bates became his surety on the appeal. Upon the trial on the appeal, there was a verdict for plaintiff for the sum of $1,500, and judgment entered against Ayer, and his security Bates, 15th May, 1839, for this sum, and *fi. fa.* issued thereon. Afterwards, on the 23d, Nov., 1844, before said judgment or any part thereof was paid, Brown gave to Ayer the following receipt:

" Henry Brown
vs.                                        Muscogee Superior Court,
Alpha K. Ayer,           April Term, 1837.
and Asa Bates             Prin. $1,500.
security on appeal.

Received, Columbus, Geo., 23d November, 1844, of A. K. Ayer, prin. the amount of one-half of the above stated *fi. fa.* his part in full of said *fi. fa.*

[Signed]                         HENRY BROWN, *Pl'tff.*

The *fi. fa.* bears date 24 May, 1839. Entry "no property," January 16th, 1840. "No property of Bates," Sept. 21st, 1846.

Scire facias to revive the judgment, 28th August, 1856.

19 VOL. XXIV.

The defendants pleaded the foregoing receipt in full payment and satisfaction of the judgment and execution.

Upon the trial, plaintiff demurred to this plea, which demurrer the Court overruled, and plaintiff excepted.

Plaintiff then went forward and offered in evidence the original declaration, process, judgment, and *fi. fa.*, and the entries thereon, and closed.

Defendants offered the receipt of which the above is a copy. Counsel for plaintiff objected to its introduction as evidence of a full satisfaction of the judgment. The Court overruled the objection and let the receipt go to the jury, and plaintiff excepted.

The plaintiff, in reply, called *A. K. Ayer*, one of the defendants, who testified, that he settled with Brown the half of said *fi. fa.*; the settlement took place in Col. Holt's office ; that he (Ayer) wrote the body of the receipt; Bates was not present; plaintiff said at the time he should proceed and make the other half out of Bates the best way he could ; both himself (Ayer) and Bates were then broke. That plaintiff received what was paid to him as a full discharge of all his (Ayer's) liability on the judgment and *fi. fa.* Bates was then living in or near Columbus. That it was understood between him (Ayer) and Brown, at the time said receipt was given, that Brown was not to look to him (Ayer) any further upon said judgment, but was to make the other half out of Bates the best way he could. Bates was the security for him (Ayer) on appeal.

The testimony here closed, and the presiding Judge, amongst other things, charged the jury that, under this proof, the plaintiff was not entitled to recover. To which charge plaintiff excepted.

The jury found for the defendants. Whereupon, counsel for plaintiff tenders his bill of exceptions, and assigns for error the rulings and charges above excepted to.

L. T. DOWNING, for plaintiff in error.

WELLBORN, JOHNSON & SLOAN, *contra.*

*By the Court.*—McDONALD J., delivering the opinion.

The plaintiff is attempting to revive a dormant judgment against the defendants. The plea sets forth the defence fully. The evidence of the defendants supports the plea, and the reply of the plaintiff by proof, presents matter of evidence on which he relies to defeat the effect of the plea. The plaintiff insisting that the plea was insufficient in law to bar the plaintiff's action, demurred to it. The Court below over ruled the demurrer, and the judgment on the demurrer is excepted to and assigned as error.

The parties proceeded to trial, and after the evidence was heard, the presiding Judge charged the Jury that, under the proof, the plaintiff was not entitled to recover. The plaintiffs counsel excepted to the charge and assigned error thereon.

[1.] In determining the points presented in the record, it will be necessary to construe the contract of the parties. The plaintiff recovered, on the first trial of the action of trover, twelve hundred dollars, which might be discharged by the delivery of the negro sued for, and three hundred dollars for hire. From that verdict the defendant appealed, and gave Asa Bates as security. Ayer was the sole defendant in the action of trover. An appeal would give him a new trial, to which he was entitled, as a matter of right, on his paying costs and giving security for the eventual condemnation money. Bates was the security. To use terms applied to such cases in the French law, the principal obligation was Ayer's, and that of Bates was accessary to it. The entire

obligation was therefore Ayer's. The obligation of Bates was for the whole or part, according to circumstances. If Ayer paid no part, and could pay no part, Bates was bound to pay the whole, and Ayer became bound to him for the whole amount on his payment of it. If Ayer paid a part, but could not pay the whole, Bates was bound to pay the part unpaid by him, and he became liable to Bates for that part on his (Bates') payment of it. Bates did not and could not become liable to Ayer for the part paid by him. Although the obligation was joint and several as to the plaintiff, and he was entitled to an execution against one or both at his option, still the relation of principal and surety subsisted between the defendants, and the plaintiff was bound to regard it in his dealings with them. The principle of contribution did not apply, for if Ayer had paid the whole, he could not call on Bates to respond for any part, while, if Bates had paid, he had a right to demand of Ayer all he paid. Hence, it follows, that the whole and every part of the obligation was Ayer's; he could not avoid its payment either to the plaintiff or to Bates. This is the construction of the contract.

[2.] We will now proceed to consider the effect of the payment made by A. K. Ayer, the principal. The plaintiff, as evidenced by the receipt, received of him, naming him as principal, the amount of one-half of the *fi. fa.*, his part *in full* of said *fi. fa.* If his part was the whole of said *fi. fa.*, and the plaintiff received one-half *in full* of his part thereof, it was a receipt of one-half *in full* of the whole. Now, if the plaintiff is not at liberty to treat this arrangement as a nude fact, he cannot proceed to collect the balance claimed by him, and the judgment must be considered as satisfied, and cannot be revived.

[3.] The case of *Fitch vs. Sutton* was cited by plaintiff's counsel in support of his position, that the acceptance of half of the judgment cannot, in law, be a satisfaction of the whole, and that case supports him. The Court held that there must

be some consideration for the relinquishment of the residue. The Judge who tried the cause at the Assizes, directed the jury to find for the defendant. He was of opinion that, upon principle, the settlement made by the parties was valid and binding. · If the statement of the case be correct, it is to be inferred from it, that the 7s. in the pound for which the debtor compounded with his creditors, was paid at the time. That it was an executed contract.· It seems, that in the case relied on as authority to support it, *Cumber vs. Ware,* to which I have not access, the defendant pleaded the acceptance by the plaintiff of a security for a *lesser sum* in satisfaction of a *similar security* for a greater. An action at law cannot be supported by a *nudum pactum.* That is clear. If the defendant could not have sustained an action on the subject matter of his plea, it being an executory contract, he would not avail himself of it as a defence, for the plaintiff, by replying a want of consideration, would, as to the plea, convert the defendant into a plaintiff. 2 *Durn. and East,* 24.

The case of *Heathcote vs. Crookshanks* is not an authority for *Fitch vs. Sutton.* There the debtor compounded with his his creditors, and agreed to pay a less sum for a greater, which · the creditors agreed to accept, the same to be paid in a reasonable time. When the debtor offered to pay subsequently, and, as he averred, in a reasonable time, the creditor refused to accept the smaller sum, and by his plea the defendant asks to be permitted to enforce the agreement. The Court says he cannot do it because it is a *nudum pactum.* There is no consideration for it. In delivering his opinion, Ashurst, Justice says: " It is true, that if A. promise to give B. £15 and he actually pays it, he cannot recover it back again; but here the question is, whether an agreement by the plaintiff to take a less sum is obligatory without acceptance. It is said that a tender is, in all cases, equivalent to a payment; but that is not so; for if a tender be pleaded in bar of a promise, it is not taken as a payment, but as a bar to the action. This

agreement is not binding in law, and the plaintiff is always entitled to the whole demand. And, therefore, as this *agreement has not been followed up by an actual acceptance, which is negatived by the record, it was not obligatory."* Justice Buller remarked in the same case: "It was said that all the creditors were bound by this agreement to forbear; *but that is not stated by the plea.* It is only alleged that they agreed to take a certain proportion; but that is nudum pactum, *unless they had afterwards accepted it."* It follows, that if the plaintiff had accepted the smaller sum when tendered, he would have been bound by it.

In the case of *Alver vs. George, 1st Campbell's Rep.,* 392, the defendant gave in evidence a receipt in full of all demands. Against this defence it was proposed to prove that before the date of the receipt, the plaintiff had assigned the whole of his effects for the benefit of his creditors; that the defendant had full notice of the assignment; that in reality no money passed upon the giving of the receipt; that the whole was a collusion between them to cheat the creditors; that the action was brought in the name of the plaintiff by the trustees, in behalf of themselves and other creditors. Lord Ellenborough, who delivered the opinion in *Fitch vs. Sutton,* said in this case: "Sitting here, I can only look to the strict legal rights of the parties on the record; and there can be no doubt that a receipt in full, where the person who gave it was under no misapprehension, and can complain of no fraud or imposition, is binding upon him." In the case before us, the money was paid, the receipt was given, the transaction was closed. It was an executed contract. There was no fraud or imposition, and the parties did what they intended to do. There was no misapprehension. If it be said that the plaintiff received half of the amount only, and that he did not intend a full satisfaction as to both defendants; yet if his writing discharges both he must be bound, for he is presumed to know the legal effect of the instrument he signed. *Lewis vs. Jones, 4 Barn. and Cress.* 506.

[4.] There is no reservation of the right, in the receipt, to collect the balance of the debt from the surety. The parties, so to speak, were dealing at arms length. It does not appear that the defendant Ayer would have paid one-half, with such reservation in the writing. It seems that he and his surety were both insolvent at the time, and he must have been dependant on the aid of a friend for the means of paying the one-half, and it is not probable he would, at the very time he expected to be relieved from the payment of half the judgment, stipulate for his countinued ultimate liability to his surety for that half, whatever he may have said at the time. He must be supposed to have understood the legal effect of the receipt which the plaintiff signed, that when it discharged him as principal, it discharged his surety also, without an express saving in the receipt to the contrary. The plaintiff knew that Ayer was principal, and that Bates was surety. He ought to have known, that to release him absolutely, without reserving in the instrument of release the right to go against the security, the security would be also discharged.

But to pass to the evidence given by the plaintiff who examined the defendant Ayer. He testified that he settled with the plaintiff the half of said *fi. fa.*, as specified in the receipt. The defendant Bates was not present. The plaintiff remarked at the time that he should proceed to make the other half out of Bates the best way he could. It was understood between them, at the time of the payment and the giving the receipt, that the plaintiff was not to look to Ayer any further on said judgment or *fi. fa.*, but was to make the other half out of Bates the best way he could. He was security on the appeal. The plaintiff received and accepted what was paid by witness Ayer, in discharge of all his (Ayer's) liability to the plaintiff on the judgment or *fi. fa.* The testimony then shows that the defendant Ayer paid the plaintiff one-half of the amount of the debt, which he received and accepted in discharge of *all his liability* on the judgment and *fi. fa.* Here was a clear discharge of Ayer by the

payment and acceptance of a sum agreed upon. The contract was executed by the payment of the money, and by the giving of the receipt. If it be true that the debt may be satisfied in this way, the judgment against Ayer, who was principal, was extinguished. "Whenever the principal is discharged, in whatever manner it may be, not only by actual payment or compensation, but also by a release, the surety is discharged likewise; for the essence of the obligation being that the surety is only obliged on behalf of the principal debtor, he therefore is no longer obliged, when there is no longer any principal debtor for whom he is obliged." 1 *Pothier*, 209. Bates was bound for Ayer and not otherwise. Ayer is no longer bound, by reason of his discharge, and Bates, the surety, being only bound for him, cannot be held bound after his liability ceases. When the principal obligation is extinguished, the accessary obligation, which can have no existence without it, becomes extinct also.

This Court, in the case of *Rankin vs. Tarver*, 3 *Kelly*, 210, decided that when two judgments had been obtained on the same debt, one in Alabama, and the other in Georgia, the satisfaction of the judgment in Alabama by the payment of a sum much less than the amount due, although the receipt which was offered in evidence in proof of satisfaction, stated that the money was received "*in compromise of the judgment, but not to affect any other,*" may be shown, and when proven, should be held to be satisfaction of the judgment in Georgia. That is a strong authority in support of the principle contended for by the defendant in error here, and goes beyond what is necessary to sustain the judgment of the Court below in this case.

Judgment affirmed.