WILLIAM C. STALLINGS *et al.*, plaintiffs in error, *vs.* THE BANK OF AMERICUS, defendant in error.

When a surety, or accommodation indorser, signs a note, the consideration of which is that it shall be held by the bank where it is negotiated, as collateral security for another note or draft due said bank, and the bank, without the knowledge and consent of the surety, changes the contract by releasing the acceptor and indorser of that other note or draft, the security or accommodation indorser of the collateral note is discharged.

Principal and surety. Indorsement. Contracts. Before Judge CLARK. Webster Superior Court. March Adjourned Term, 1877.

Reported in the opinion.

T. H. PICKETT; HAWKINS & HAWKINS; COOK & CRISP; B. P. HOLLIS, for plaintiffs in error.

GUERRY & SON, for defendant.

JACKSON, Judge.

The Bank of Americus sued Stallings and Spann on a note for $225.00, payable at the First National Bank of Amer-

icus by Stallings, to the order of Spann, and indorsed by him as an accommodation indorser. Defendants pleaded to the effect that the note was turned over to the Bank of Americus, the plaintiff, as collateral security for $20.00 borrowed of it, and for a note of $140.00 given by Goss & Stallings and indorsed by Terry and J. W. Jordan, and that Terry and Jordan were relieved from said indorsement on the $140.00 note, and from all liability; and also a second plea to the effect that the note sued on was given for the same consideration as in the first plea set out, and that the $20.00 borrowed and the note for $140.00 were paid. These pleas were demurred to and stricken, and one question is, were they properly stricken?

The plaintiff put in evidence the note, and defendants proved, substantially, the facts set out in the first plea, and that *after* the bank took the note sued on as collateral for the $140.00 note, it released the indorsers on the latter note without Spann's consent. The court charged that payment had nothing to do with the case, and the jury found $160.00 for plaintiff. The defendant moved for a new trial on the ground that the court erred in striking the pleas, and in the charge, and because the verdict is contrary to law and evidence.

We think that the court erred in striking the pleas, and in the charge; and, also, that the verdict is contrary to the law and evidence.

The note sued on was given to the bank solely to secure the repayment of twenty dollars to it and to secure the payment of $140.00 in the shape of another note. Spann was only accommodation indorser—the same as a security— Code, §2151; and when Stallings made the contract with the bank to give the note to it only as collateral for this other note and twenty dollars borrowed by him, that was also the security's contract. The bank was bound to hold the $140.00 note just as it was, and any change it made in that note, to weaken it, hurt the security, Spann, and discharged him. His contract was to pay enough money

on the note he indorsed to save the bank from loss on the $20.00 borrowed and the $140.00 note; but the bank was bound to collect the $140.00 note, as it stood, with Terry and Jordan on it, if it could, and when it released Terry and Jordan off of it, the note was weakened to that extent, and Spann's risk was increased, and his danger of being compelled to pay the $140.00 greatly enhanced : Code, §2154.

Spann had the right to take up the $140.00 note as it stood, and pay the twenty dollars, and to make all liable on that note respond to him. When he paid the bank, he would be subrogated to all the rights which the bank had on both notes, and would be entitled to make his money out of all on both notes—his own principal, Stallings, on the note he indorsed to accommodate him, and Goss and Stallings, the makers, and Terry and Jordan, the acceptor and indorser of the $140.00 note—the collateral strengthener of which $140.00 note, his indorsed note for $225.00, was. This duty sprang out of the contract the bank made.

The bank was bound to keep intact the note Spann, as accommodation indorser or surety, agreed to pay by indorsing the $225.00 dollar note sued on, and when it altered it without Spann's knowledge, and released two names on it without his consent, it increased his risk and discharged him, according to Code, §2154. Indeed, it was novation. It changed Spann's contract. That contract was to see to it that twenty dollars was paid by Stallings to the bank, and that Stallings, or Goss and Stallings, or Terry or Jordan, should pay the other $140.00 ; but the bank released two persons bound before Spann *by the contract Stallings made for him*, and the bank thereby *changed his contract and made a new one without his consent*, and thereby discharged him : Code, §2153; 10 *Ga.*, 225; 17 *Ga.*, 522, and other cases.

Spann had the right to pay the one hundred and forty dollar note to the bank, and then demand it with all the makers and sureties thereon for the purpose of making them respond to him ; but this right was lost when two of the parties to the note were released by the bank.

If the $20.00 borrowed by Stallings has not been paid by him, Spann would be bound to pay that, unless his contract has been altered by the discharge of Terry and Jordan from the $140.00 note; if so, he is relieved, it would seem, from the entire contract. As the verdict is for $160.00 against him, it is for too much, to say the least, and it must be set aside and a new trial granted. In respect to Stallings, the principal, the court ruled that it made no difference whether the $140.00 note was paid or not. We think that, as it was the consideration of this note sued on to secure that note, that it does make a difference, and if it has been paid, the verdict is wrong, too, as to the principal, Stallings.

Judgment reversed.