JACOB STIREWALT v. P. S. MARTIN.

*Surety and Principal—Effect of Release.*

A contract entered into between a creditor and principal debtor to release the debtor " from all the indebtedness he holds against him individually, but not the securities which the debtor has given him upon notes or in any other manner," does not operate a discharge of the surety. (Remarks of Smith C. J. upon an equitable release of principal, and as to the mode of asserting the right of surety after judgment.)

(Kesler v. Linker, 82 N. C., 456; Howerton v. Sprague, 64 N. C., 451, cited and approved.)

MOTION heard at Fall Term, 1880, of CABARRUS Superior Court, before Seymour, J.

The motion was made by defendant to enter satisfaction of a judgment on the ground that a certain release to the principal debtor of his individual liability, but not the securities upon notes held by the creditor, operated a satisfaction of the judgment and discharge of the surety. The motion was denied, first, because the alleged release is not under seal, (Smithwick v. Ward, 7 Jones, 64), and secondly, because it is only of the indebtedness of the debtor individually and to the exclusion of others, and offsets only his unsecured debts. From this ruling the defendant appealed.

No counsel for plaintiff.
Mr. W. H. Bailey, for defendant.

SMITH, C. J. The plaintiff in the year 1868, entered into an agreement with the defendant, Bortian, to sell him a tract of land, called the "Ochlee mill property," for the purchase money of which the latter gave his individual notes in the aggregate sum of about one thousand, eight hundred and seventy dollars; another with the defendant Gouger as surety for four hundred and fifty dollars; and the last with the said Gouger and the defendant Martin as co-sureties in the sum of one thousand, six hundred and eighty dollars, payable in specie and due on January 2d, 1869. The plaintiff at the same date made and delivered his bond to the said Bortian to convey the land to him on payment of the purchase money, and at once put him in possession.

None of the notes being paid, the plaintiff brought suit on the last mentioned note in the superior court of Cabarrus and recovered judgment at spring term, 1870, against all the parties liable thereon, but was unable to make anything

by execution on account of the exemptions allowed the debtors.

On the 26th day of December, 1871, the plaintiff and Bortian entered into another agreement whereby the latter contracted to restore possession of the premises and surrender the title bond and the former to release the said Bortian "from all the indebtedness that he, the said Stirewalt, holds against him *individually* but not the securities which the said Bortian has given Stirewalt upon notes now in his possession or in any other manner." This agreement has been carried into effect by the parties to it.

At fall term, 1880, a motion was made on behalf of the sureties, both or one of them, on affidavits filed in its support, to have satisfaction of the judgment entered on the ground that the release of the principal debtor, Bortian, was a discharge of the other defendants, his sureties. The motion was refused and the defendant Martin appealed.

The plaintiff's counter-affidavit states that the plantation became greatly depreciated in value while in the hands of Bortian, and the mill thereon "nearly worthless," and that in the partial rescission of the original contract of sale, the judgment was retained as compensation for the use and deterioration of the property while in Bortian's occupancy. The equitable estate vesting in him under the contract has not been perverted by the vendor to purposes inconsistent with the right of the sureties to have the security provided by the debtors put in front of their own liability, but has been appropriate to the reduction of the unsecured part of the debt due for the purchase money. Whether upon the principle that a creditor having a fund of his debtor equally applicable to several debts may apply it to that which is most precarious, without just complaint on the part of the surety to another, the plaintiff could thus use the fund in this case, it is plain that the equity of the surety does not extend beyond a *pro rata* distribution which would not

extinguish the debt for which he was bound, but be only a partial payment. We do not decide the point, while fully recognizing the authorities cited for the defendant and the doctrine they establish. We have had occasion to consider the subject in *Kesler* v. *Linker*, 82 N. C., 456.

If however the facts were such as to entitle the sureties to relief, we are not disposed to admit that it can be obtained after final judgment by a motion made more than ten years after its rendition and nearly nine after the rescinding contract was made, if this summary method were admissible at all. Certainly, satisfaction could not be entered on the judgment as to any one of the debtors, for that would be a discharge of the judgment itself, and the exoneration of all. Most obviously that motion ought not to be allowed. The equity of the surety is only to be relieved from so much of his debt as would have been paid by the misapplied security, and hence questions arise that show the propriety, if not necessity of a new action for their solution and for the adjustment of the equities growing out of the transaction among all. Thus in *Howerton* v. *Sprague*, 64 N. C., 451, this equitable release was sought in the superior court by an injunction against the enforcement of a judgment rendered by a justice of the peace, and objection was made that it could have been obtained before the justice himself, and PEARSON, C. J., says: "Where a creditor by a binding contract, and not a mere *nudum pactum*, gives further time to the principal debtor the surety is discharged by matter *in pais*, as it is termed in the books. Of this equitable discharge the justice of the peace had no jurisdiction. The equity could only be enforced by the superior court. *"It would have been otherwise if the debt had been discharged."* The argument of *Mr. Bailey* takes a wider range than seems to be authorized by the record. On the trial before His Honor it was claimed that the rescinding instrument operated itself as an equitable release of the principal debtor, and con-

sequently of his sureties, and not that the right to be exonerated grew out of the plaintiff's disposition of the fund. We interpret the contract with His Honor as discriminating between the unsecured and secured notes, representing the consideration to be paid for the land, the former of which are denominated *individual* debts and to be surrendered, while the others are not.

The motion to enter satisfaction was proper in itself if warranted by the facts of the case, but was rightfully denied. It was not the appropriate remedy, if the sureties were entitled to a discharge, total or partial, according to the value of the property by reason of the conduct of the plaintiff.

We must therefore declare there is no error and affirm the ruling of the court.

No error. Affirmed.