RUTHERFORD, administrator, *vs.* ROUNTREE *et al.*

1. Where a distress warrant had been levied, a counter affidavit filed and a bond given for the eventual condemnation money, the process became *mesne,* and the debt could be discharged by bankruptcy, though the adjudication was after the levy of the distress warrant.

(*a.*) The discharge of the principal in the replevy bond would operate to discharge his securities.

2. Bankruptcy of a defendant stays all pending suits against him, on proper application therefor, until the determination of the bankruptcy; but when the amount of the debt is in dispute, leave may be granted by the bankrupt court to prosecute the case to judgment, in order to determine the amount which may be proved in bankruptcy, but execution shall be stayed.

(*a.*) After the discharge the stay of proceedings ceases, and, therefore, the leave to proceed becomes of no further avail. Hence, on a trial after discharge, the question being whether plaintiff's debt was so discharged or not, orders of the district court granted pending the bankruptcy, allowing plaintiff to proceed for the purpose of ascertaining the amount of his claim, were irrelevant and not admissible in evidence.

Bankruptcy. Principal and Surety. Evidence. Before Judge MERSHON. Houston Superior Court. October Term, 1881. ·

Reported in the decision.

DUNCAN & MILLER; RUTHERFORD & GUSTIN, for plaintiff in error.

DAVIS & RILEY; HALL & SON, for defendants.

SPEER, Justice.

On the 23d September, 1873, the plaintiff in error sued out a distress warrant against the defendant, claiming the sum of eight hundred and ninety-seven dollars, as principal, besides interest, for rent. The warrant was levied upon certain property of the defendant, whereupon he

tendered his affidavit, under the statute, denying the amount distrained for was due, and replevied the property levied on by entering into a bond, with one W. Bronson as security, " conditioned well and truly to pay the eventual condemnation money in said case." The papers were returned to the superior court of said county, and on the trial thereof, the defendant, in bar of said suit, filed and pleaded his certificate of discharge in bankruptcy, the same being a discharge against all debts and claims which, by the bankrupt act, were made provable against his estate, and which existed on the 12th day of January, 1874. The certificate of discharge in support of said plea was admitted in evidence without objection, and defendant closed.

Counsel for plaintiff below offered in evidence, in reply to the certificate of discharge, two orders, or applications, granted by the bankrupt, or district, court for the Southern district of Georgia, dated respectively the 26th of November, 1875, and 20th November, 1877, giving plaintiff leave to proceed to judgment in the suit pending against the defendant, the same being admitted to have been granted pending the bankruptcy of defendant, and prior to his final discharge. The said orders thus offered were objected to and excluded by the court as evidence.

The plaintiff below having closed, the court instructed the jury, " that if they were satisfied that the defendant, Rountree, had been duly adjudicated a bankrupt on the 12th of January, 1874, and subsequently received a discharge from the bankrupt court, which was fair and *bona fide*, they would find the issue in his favor, and the defendant was discharged from all liability on account of this debt," whereupon the jury rendered a verdict in favor of defendant, on his plea of discharge in bankruptcy. To which rulings and charge of the court plaintiff excepted, and assigns the same as error.

We see no error in the ruling of the court excluding the orders or leave granted by the district court for the

Southern district of Georgia, allowing plaintiff to proceed with said cause to judgment, on the ground that they were irrelevant. We regard the effect of the plea of bankruptcy, if made and sustained by proof, as settled in this cause when the same was before this court at the September term, 1880. *Rountree vs. Rutherford,* 65 *Ga.,* 444.

In that case the court held that the counter-affidavit filed by the defendant below might be amended by setting up a discharge in bankruptcy, and "that a certificate of discharge in bankruptcy would discharge the principal, Rountree, and the discharge of the principal would operate as a discharge of the security on the replevy bond for the eventual condemnation money." But it is insisted by counsel for plaintiff in error that the introduction in evidence, if allowed, of the orders or leave to proceed to judgment, granted by the district court, would authorize him still to proceed to judgment against the bankrupt, notwithstanding his plea and proof by the certificate of his final discharge.

Bankruptcy of a defendant stays all pending suits on application of the defendant, until the determination of the discharge, but when the amount of the debt is in dispute, leave is granted by the court to prosecute to judgment for the purpose of ascertaining the amount which may be proved in bankruptcy, but execution shall be stayed. U. S. S., §5106. The right of stay is a personal privilege of defendant. If he fails to ask for the stay and plaintiff takes judgment, it is a good judgment against the bankrupt. 61 *Ga.,* 58, 500; 57 Me., 26.

The object of this section is to protect the bankrupt from being harrassed with suits while he is proceeding in good faith to obtain his discharge, and until the discharge is determined. 2 B. R., 236; 1 B. R., 201; 2 Ben. U. S. D. C., 78; 3 Ben. U. S. D. C., 14.

So soon as the question of discharge is determined, the stay is at an end. It ceases, as the bankrupt may then plead his discharge as a bar to the debt. No order to

show the termination is required. *In re* Thomas, 3 B. R., 38, and cases last cited.

The object of the order for leave to proceed being alone for the purpose of ascertaining the amount due, when it is in dispute, the bankrupt court allows the order for this purpose alone. This being the sole object of the order, when the stay ceased, the order lost its efficacy and became irrelevant. The plaintiff then could proceed without any order to determine either the amount due on his debt, or if he desired, whether the discharge was a bar to the debt. Here the defendant did not longer invoke the stay or dispute the amount of plaintiff's debt. He offered no evidence, but simply his evidence of discharge from that debt. That was the issue, and sole issue, tendered, and the orders offered were irrelevant to such an issue. A bankrupt court never enters into the inquiry whether a discharge will operate to the discharge of a particular debt. The inquiry can only be made in a court where a direct suit on the debt is pending, and whose judgment will be binding on the parties. 2 B. R., 236; *Ib.*, 485; 1 *Ib.*, 29; 14 *Ib.*, 18. This being true, the orders were irrelevant, and properly excluded.

Let the judgment below be affirmed.