PATTERSON *vs.* GIBSON.*

1. A bond executed under the duress of the principal is void as to the surety also, if the surety acted without knowledge of the duress; and knowledge of the fact of imprisonment does not necessarily involve knowledge of its want of legality.
2. It was error to strike a plea setting up a material part of this defence, to wit, want of knowledge.

July 12, 1888.

Principal and surety.    Bonds.    Duress.    Pleadings. Before Judge SIMMONS.    Bibb superior court.    April term, 1887.

On April 3, 1877, Mrs. Besore sued Besore and Patterson on a bond executed April 28, 1873, in which Besore was principal and Patterson security, conditional that, whereas Mrs. Besore had filed her libel for divorce and bill *quia timet* against Besore, under which he had been arrested, if he should pay such amount as might from time to time be ordered by the court as alimony and counsel fees to Mrs. Besore, then this bond to be void, etc.    The plaintiff alleged that an order was afterwards passed for alimony and counsel fees, which remained of force over two years, when a total divorce was granted her; and that Besore had paid only the counsel fees and alimony for six months, leaving a balance still due her.

Besore was not served.    Patterson was served on April 6, 1877, and pleaded, among other things, that the bond was given by the principal under duress, he having been arrested by the sheriff and confined for sometime in jail, the sheriff demanding that he should give a bond before he should be released, and he gave

* In this case and the one next following it, SIMMONS, J., being disqualified, Judge BOYNTON, of the Flint circuit, was designated to preside in his stead. The judgments were rendered at the March term, 1888, but the opinions of the court did not reach the reporter in time to be printed with the cases of that term.

the bond for the purpose of being relieved of imprisonment; but that the sheriff had no authority to arrest him, or confine him in jail, or demand of him a bond before releasing him, there being no order of court authorizing the sheriff to do so, and no allegations in the bill that would authorize the court to order the sheriff to arrest the principal, confine him in jail or demand of him any bond of the character of that sued on.   On May 9, 1887, the case came on for a hearing, and the defendant further pleaded, among other things, that the bond was given by Besore under duress, and defendant signed it as security for him, with no knowledge of the circumstances which required him to give a bond or that he was under duress at the time, etc.   On demurrer, the latter plea was stricken as insufficient in law to constitute a defence; and this was assigned as error.

Under the evidence introduced and the court's charge, the jury found in favor of the plaintiff.   A motion was made by defendant for a new trial on the ground, among others, that the charge contained the following instruction :  " Whether Besore was under arrest or not, if Patterson voluntarily signed that bond, and he was under no arrest, and there was no illegal imprisonment as to him—no threats made as to him,— he could not take advantage of it, and he must pay the bond if he signed it. . .   Look to see if Patterson signed it.   If he did, whether Besore was under arrest or not, he not being here, Patterson cannot take advantage of it."   The motion was overruled; and this also was assigned as error.

R. F. Lyon, Bacon & Rutherford and R. W. Patterson, for plaintiff in error.

J. H. Hall and Hardeman & Davis, contra.

BOYNTON, Judge.

The official report of this case shows that a number of exceptions were taken to the rulings made and charge given by the trial judge. The only one we regard as necessary for this court to pass on grows out of the plea and amended plea on the question of duress. The plaintiff in error, defendant in the court below, set up, as one of his defences, that his principal was coerced into signing the bond sued on, by duress of illegal imprisonment. To this plea he offered an amendment, in which he alleged that the duress of his principal was unknown to him at the time he signed the bond as surety. This amendment was, on motion, disallowed or stricken by the court; and the court also held that the duress of the principal was not an available defence for the surety. Exceptions were taken to these rulings, and the question for our decision is: if the principal signed the obligation sought to be enforced under such duress as would release him from liability thereon, would the duress of the principal be an available defence for the surety if he signed without knowledge of the duress?

The answer to this question is found in the headnote, which was dictated by the learned Chief Justice of this court. This answer is fully sustained by reason and authority; for "it is of the essence of a contract of suretyship that there should be some one liable as principal, and accordingly, when one party agrees to become responsible for another, the former incurs no obligation as surety if no valid claim ever arises against the principal." Chitty on Contracts, (11 Amer. ed.) 738. "The contract of suretyship is that whereby one obligates himself to pay the debt of another, in consideration of credit or indulgence or other benefit to his principal; the principal remaining bound therefor." Code, §2148.

It is also a recognized doctrine of the law of surety, that whatever discharges the principal also discharges the surety; but this rule does not apply where the surety binds himself knowing he has no remedy over against his principal. Parsons Bills and Notes, 244. The same general rule is declared in code, §2149, with this exception thereto: "If, however, the original contract of the principal is invalid from a disability to contract, and this disability was known to the surety, he is still bound." This exception to the general rule is equivalent to declaring that if the principal was under a disability to contract, and this was unknown to the surety, he would not be bound. Duress is, or rather it imposes, a disability, and if the principal was coerced to make the contract by duress, and this was unknown to the surety, it would release the surety from liability. The following cases, to wit, 26 Barbour, 122; 36 N. Y. 365; 15 Johns. 256; 11 N. Y. 171; 9 Cranch, 28; 27 Ala. 44; 6 Martin La. R. 193; 21 Conn. 597; 17 Pick. 252; 1 Curtis C. C. 136; 5 Peters, 129; *Dudley*, 244, 245, sustain the rule "that duress of the principal is an available defence for the surety also." The reasons on which these decisions are bottomed are, that duress is illegal, a contract procured by duress is corrupt in its origin, and the wrong-doer should not be allowed to take a benefit from his wrongful act. If there is an essential vice inherent in the contract, such as fraud or duress, the fraud or duress cannot be wiped out and the contract purified by taking security. Besides, if the surety contracts in ignorance of the duress, it materially increases the risk beyond that assumed in the usual course of business of that kind. This doctrine is consistent with the general rule, that the liability of the surety depends on a principal being first bound, not only to the obligee, but liable to reimburse the surety for whatever he may pay for him.

We find, however, another long list of cases which hold that duress of the principal is not an available defence for the surety.    Of the large number of these cases we cite only the following : Hoscomb *vs.* Standing, Cro. Jac. 187 ; Bacon Abridg. title Duress " A " ; Roll. Abridg. 124 ; 11 Cushing, 55 ; 16 Ill. 358 ; 3 McL. 158 , 1 Md. 208 ; 13 Miss. 94. In Haws *et al. vs.* Marchant *et al.*, 1 Curtis C. C. 136, Justice Curtis, in reviewing this doctrine as laid down in the leading case of Hoscomb *vs.* Standing, says : " It has often been assumed to be good law ; I am not prepared to say it is not so, though it must be admitted that it may lead to strange consequences, in a case where the surety pays the bond and comes back on the principal to indemnify him, and thus the principal is effectually held for a debt which, according to the case in Cro. Jac., does not appear to have been justly due, and which he was forced by duress to render himself liable for to the surety who at his request enters into the obligation." Justice Paxson in Griffith *et al. vs.* Sitgreaves, 90 Penn. 161, after citing most of the authorities herein cited, says : " I have examined these cases with some care, and do not regard them as controlling authority on either side.    They depend very much upon the pleadings, or their special circumstances.    In all the cases cited, the duress was either upon the party seeking to avoid the contract sued on or it was known to him." It by no means follows that, because the duress of another is not a good plea and that in some instances it may not even avail as a defence, it cannot be set up successfully in any case.    Therefore, where a promissory note was obtained by duress of the maker, and was indorsed in good faith without any knowledge of the duress on the part of the indorser, in a suit by the holder who was guilty of the duress against the indorser, the latter may set up the duress of the maker as

a defence to the action. In 1 Baz. S. C. R. 13, it was held that if the surety signed under the idea that the contract was a valid one, and it was found to be void as against the principal because of duress, it was also void as to the surety. If the principal is discharged from liability by the act of the party procuring the contract, or by the party seeking to enforce it, and this was done without the knowledge of the surety, the surety will also be discharged. Code, §2121; 42 *Ga.* 192.

Therefore the conclusion we reach is, that if the bond sued on was executed under duress of the principal, it is void as to the surety also if the surety acted without knowledge of the duress; and knowledge of the fact or imprisonment does not necessarily involve knowledge of its want of legality. Although the surety may have known that his principal was in prison, this would not carry with it knowledge of duress; for the legal presumption would be that the imprisonment was authorized and legal. And if the officer having him in custody demanded a bond with security as a condition precedent to his discharge, the surety would have a right to presume that the officer was not exceeding his authority. If the principal was illegally imprisoned, or imprisoned without authority and held to procure a bond with security, or if legally imprisoned and held until he should give a bond which the officer had no authority to require, and if the element of illegality was unknown to the surety, then he would be discharged. And it was error to strike the amended plea, which set up a want of knowledge of the duress of his principal.

Judgment reversed.