Filed April 25, 1890.

---

No. 14,211.

CRIM ET AL. *v.* FLEMING.

PRINCIPAL AND SURETY.—*Judgment.—Collateral Security.—Reassignment of by Judgment Creditor.—Non-Release of Surety.—Conveyance.*—Fees due a judgment debtor, as a public officer, were assigned to the judgment creditor as collateral security to secure the payment of the judgment. The judgment debtor's surety brought an action to enjoin the enforcement of the judgment, and to have the judgment declared satisfied. It was alleged that the judgment creditor, without attempting to collect the fees assigned, out of which he might have collected his judgment, reassigned them to the principal debtor. The surety claimed his release because of such surrender of the security. The evidence showed that before this assignment to the judgment creditor the judgment debtor

had conveyed to his surety the land subject to the judgment creditor's lien, under an agreement that he was to pay the consideration named on the judgment, and on other indebtedness of his grantor.

*Held,* that making the conveyance released the principal debtor, and that the judgment may be enforced against the surety.

SAME.—*Fee-Bills.—Evidence.*—Testimony that fee-bills were issued on all the fees due the principal debtor, and that nothing could be collected thereon, was inadmissible on behalf of the defendant, as calling for the opinion of the witness.

SAME.—*Book-Entries.—Memorandum of.—Evidence.*—A book prepared by the surety, containing a copy of the copies of the original book entries, showing the fees due the principal debtor, was inadmissible in evidence, it appearing·by the evidence that there was a copy of the original entries at hand which could have been given in evidence.

SAME.—*Reinstatement of Judgment.—Transcript of Evidence.—Inadmissibility of in Subsequent Action for Injunction.*—The transcript of the evidence given before the master commissioner in a suit by the judgment creditor against the principal debtor and the surety to reinstate the judgment in controversy, the record of which had been destroyed, was inadmissible in the subsequent action to prevent the enforcement of the judgment, the judgment in the reinstatement proceedings having been rendered on default, and not upon the evidence contained in the transcript.

SAME.—*Real Estate Lien.—Conveyance.*—Where land upon which a judgment creditor has a lien is conveyed by the principal debtor to his surety as an indemnity, the reassignment by the judgment creditor of the collateral security assigned after the conveyance to secure the payment of the judgment, does not discharge the lien on the land in the hands of the surety.

From the Hamilton Circuit Court.

*D. C. Chipman, M. A. Chipman, M. S. Robinson, J. W. Lovett, G. Shirts* and *W. R. Fertig,* for appellants.

*C. L. Henry* and *H. C. Ryan,* for appellee.

BERKSHIRE, J.—This action has been in this court once before. See *Crim* v. *Fleming,* 101 Ind. 154. The pleadings and issues are the same now as then, except that after the case was remanded to the court below the appellant filed an eighth paragraph of answer, to which a reply in general denial was filed.

The pleadings are so well and clearly summarized in the

case above that we are relieved of the labor of giving a summary thereof at this time.

The eighth paragraph of answer alleges an estoppel of record.

The cause was submitted to the court for trial, and a finding and judgment made and given for the appellee.

The appellant filed a motion for a new trial, which motion the court overruled, and he excepted.

The only error assigned in this court relates to the overruling of the motion for a new trial.

There are several causes stated in the motion for a new trial, but as to most of them we do not care to spend a great deal of time.

We do not think the court erred in admitting in evidence the writing referred to in the third cause stated in the motion. It was executed at the same date and endorsed on the same paper on which was found the reassignment by the appellant to Thomas J. Fleming of the fees due to the latter as former clerk of the Madison Circuit Court, and we must regard the two writings as belonging to one and the same transaction.

The power of attorney referred to in the fourth reason stated in the motion was executed by the appellant, and contains recitals material and pertinent to the questions in issue between the parties, and we think was properly admitted in evidence.

The court did not err in refusing to permit the appellant to introduce the proposed testimony to which the sixth reason stated in the motion refers.

It was not competent to take the opinion of the witness on the stand that fee-bills were issued for all of the fees in question that were believed to be solvent, and the opinion of the witness was all that could have been elicited by the proposed testimony.

In our opinion the court did not err in allowing the ap-

pellee to introduce the evidence to which the seventh reason stated in the motion relates.

The appellant was the owner of the bank where the deposits were made, and the amount of money deposited by the appellee during the period of time covered by the transactions in question may not have been a very material circumstance, but we can not say that it was not a circumstance proper to be considered. And the same may be said as to the testimony admitted to which the eighth reason stated in the motion refers.

The court did not err in excluding the long-hand report of the evidence given before the master commissioner in the case of the appellant and the appellee and one Thomas J. Fleming to establish the judgment, the enforcement of which is involved in that action, the record of which had been destroyed.

The record of that proceeding, which had already been introduced in evidence, showed that the judgment of the court therein was rendered upon default, and not upon the evidence contained in the said long-hand report of the reporter. And, again, it is clear that the questions here involved were not in issue in the said former action. The only questions that were in issue in said former proceeding were the existence and destruction of the record of the alleged judgment, and its payment or satisfaction.

In this action it is not claimed that the judgment was then or has since been paid or satisfied, but that because of the facts alleged, the appellee being a surety, has been released from liability on the judgment. But in our opinion the court did err in admitting in evidence what is found on pages 204 to 211, inclusive, and pages 212 and 213 of the book prepared by the appellee, purporting to contain a list of fees belonging to Thomas J. Fleming. This testimony was incompetent, and was prejudicial to the appellant.

The contention of the appellee was that the fees due to Thomas J. Fleming had been assigned to the appellant to

secure the payment of the said judgment, and that with due diligence a sufficient sum could have been collected to have paid and satisfied the judgment, and saved the appellee harmless, but that the appellant, disregarding the rights of the appellee, reassigned the said fees without attempting to collect the same, to the said Thomas J. Fleming.

The appellee testified that he first took lists of the said fees from time to time on slips of paper, and thereafter as he had leisure copied the same upon the book in question, and in that way the entries upon the book which were introduced in evidence were made up.

It is true that at the time of the trial the books of the clerk's office containing the fees in question had been destroyed, but this did not render the testimony competent.

If the appellee had had the original slips, and could have testified that they were true copies of the entries from which they were taken, and had identified them as such, no doubt they would have been competent; but they were not before the court, having been destroyed.

It also appears in evidence that at the time the entries in question were given in evidence, there was a copy of the original entries at hand which was identified as an examined copy, and which could have been given in evidence.

We think the admission of the said testimony was clearly erroneous.

The first reason assigned for a new trial is that the evidence is not sufficient to support the verdict.

In our opinion it is not, and that for this reason the court erred in overruling the motion for a new trial.

The theory, as we have already seen, of the appellee, is that he was but a surety, and that the appellant having surrendered the collaterals to the principal judgment debtor, out of which he might have collected his judgment, he thereby released the appellee and the property upon which the execution was levied. But notwithstanding the fact that the appellee was the surety of Thomas J. Fleming, the other

judgment debtor, when the judgment was rendered, as between themselves their original relations might have been reversed, and if so then the appellee is not entitled to the relief demanded.

The appellee upon cross-examination testified that he purchased the said real estate for the sum of $4,000 and in payment therefor he agreed to pay the consideration named on the outstanding indebtedness of Thomas J. Fleming, his grantor; and that of the aforesaid indebtedness which the appellee was to pay, a judgment in favor of the Third National Bank of Cincinnati, Ohio, rendered on a note executed to the Madison County Bank, and a debt due to the estate of Charles Harless, deceased, from said Thomas J. Fleming were especially agreed upon as parts of the indebtedness which he was to pay.

He further testified that the indebtedness represented by the judgment in question was mentioned at the time, and, that no other debt was mentioned by name.

The judgment in question was at the time a lien on the property deeded to the appellee, and was the only judgment lien except the Third National Bank judgment, and so far as appears the only lien, except it may be a lien for taxes and for street improvements.

We think the legal effect of the arrangement, as testified to by the appellee, was that he was to pay the encumbrances upon the property, and then whatever the balance might be, he was to pay it on other debts, and that he could not at his pleasure pay other indebtedness and let the liens upon the property stand. But we think the evidence discloses further that the appellee did not pay out more money than the consideration for the property and money in his hands on account of fees belonging to Thomas J. Fleming. The indebtedness to the Harless estate has never been paid, and may never be.

The conclusions to which we have arrived are not reached by weighing the testimony, but from what appears to be un-

contradicted testimony, the most of which comes directly from the appellee.

But there is one other proposition which arises in this connection, and seems to be conclusive as to the rights of the parties. The judgment in favor of the appellant was a lien upon the real estate upon which the execution was levied. At the time the lien attached the title was in the principal judgment debtor, Thomas J. Fleming; the appellee holds title through him, and whatever rights the appellant had as against the property in the hands of Thomas J. Fleming he has as against the appellee—the appellee stands in his shoes.

The reassignment of the fees by the appellant to Thomas J. Fleming did not discharge the lien on the property in his hands, and necessarily could not do so in the hands of the appellee, his privy in estate. See *Crim* v. *Fleming, supra,* and authorities cited.

All we have said as to the first assigned error applies to the second, and we need not consider it. The judgment must be reversed.

Judgment reversed, with costs.

Filed April 25, 1890.