CASON *v.* HEATH *et al.*

1. Where one gave to the maker of a note money to purchase the note from the holder for the person supplying the money, but the maker simply paid the money to the holder and took the note without informing the holder that the money had been sent by him (the maker) to purchase the note, and it did not appear that the holder had any notice of any intention on the part of the first person named, to make a purchase, the transaction amounted in law to a payment and not a sale of the note; to make it a sale required the assent of the minds both of the maker and holder.
2. The maker having thus paid the holder, the security on the note was thereby discharged, although, under the facts of the case, the maker is still liable to the person entrusting him with the money, by reason of the violation of his trust.

December 23, 1890.

Promissory notes. Payment. Contracts. Principal and agent. Principal and surety. Before Judge LUMPKIN. Warren superior court. April term, 1890.

The action was by Cason as bearer and owner, against Heath as maker, and Thompson as security, of the note sued on. After a second verdict for the plaintiff, a new trial was again granted on motion of Thompson.

H. T. LEWIS and EMORY CASON, for plaintiff.

J. S. HOOK and T. E. WATSON, by brief, for defendants.

SIMMONS, Justice.

Under the facts as disclosed by the record, the trial judge did not err in granting a second new trial in this case. Under these facts the plaintiff could not recover. While Cason may have given Heath, the maker of the note, the money for the purpose of purchasing the note from Baker, the holder, for him (Cason), Heath violated his instructions and his trust in not informing Baker, the holder of the note, of said trust. Baker did not know when he received the money from Heath but that it was in payment of the note. Heath did not tell him that Cason had sent the money by him to purchase the note.

Baker must, therefore, have received the money from Heath as payment of the note; under the evidence it was not his intention to sell the note to Heath for Cason. It therefore could not have been a sale of the note by Baker to Heath for Cason. Because to make it a sale required the assent of both the minds of Baker and Heath. Both minds not having assented to the same thing, and Heath, the maker of the note, having carried the money to Baker, the holder thereof, and paid it to him; and he having surrendered the note to Heath, in law it amounted to a payment by the maker. The maker having paid it to the holder, the security on the note (Thompson) was thereby discharged, although under the facts of the case Heath is still liable to Cason, being so bound by reason of the violation of his trust. See Eastman *v.* Plumer, 32 N. H. 238; Lancy *v.* Clark, 64 N. Y. 209; Burr *v.* Smith, 21 Barb. 262; 2 Daniel Neg. Instr. §1221 *et seq.;* Tiedeman on Com. Paper, §371; Brandt on Suretyship, §289; 2 Randolph on Com. Paper, §941.                    *Judgment affirmed.*