## SCHWITZERLET-SEIGLER COMPANY *et al. v.* CITIZENS AND SOUTHERN BANK.

1. Where the maker of notes with sureties thereon executes a deed of assignment for the benefit of his creditors, with a provision therein that the acceptance of any benefits thereunder by his creditors will be a full satisfaction of the claims of the creditors against such maker, the acceptance, by the payee of such notes, of benefits under the assignment terminates the liability of the maker of such notes, and would likewise discharge the sureties thereon, if done without their knowledge and consent.

2. The obligation of the sureties on these notes is accessory to that of the maker; and when the obligation of the latter, from acceptance by the holder of the notes of benefits under the assignment, becomes extinct, the obligation of the sureties likewise becomes extinct, unless the creditor reserves all rights against the sureties, or it appears from the whole transaction that the sureties should remain bound, in either of which events the sureties would not be discharged.

3. When the holder of the notes accepted benefits under the assignment with the knowledge of the sureties, and under an express understanding with the sureties that their liability on the notes was to continue, the sureties were not discharged from liability on the notes, although the acceptance of such benefits was a full satisfaction of the notes so far as the maker was concerned.

4. If the surety, with knowledge of the facts operating to discharge him from liability, does any affirmative act which contemplates the continued existence of his status as a surety, he thereby waives the right to claim that he is discharged.

5. A new promise by the surety after discharge, with knowledge of the facts discharging him, is binding without any new consideration; *aliter,* if he has no such knowledge.

6. A promise by the surety, prior to acts discharging him, that he will continue to be bound, and made to induce the creditor to release and settle with the principal, needs no new consideration to support it, and will bind the surety for any balance due the creditor, where the latter settles with the principal debtor for less than is due, upon the strength of such promise of the surety.

7. The court did not err in overruling the demurrer to the petition.

No. 3565. June 7, 1923.

Equitable petition. Before Judge Hammond. Richmond superior court. December 9, 1922.

The Citizens and Southern Bank brought suit against the Schwitzerlet-Seigler Co., O. P. Schwitzerlet, W. Cleveland Seigler, and Eula L. Seigler; and alleged that the Schwitzerlet-Seigler Co., O. P. Schwitzerlet, and W. Cleveland Seigler are indebted to petitioner in the sum of $13,373.77; that this indebtedness is evidenced by two promissory notes, one for $9000, dated Feb. 10, 1921, due April, '22, after date, with interest from maturity at the rate of 8 per cent. per annum, and 10 per cent. on principal and interest as attorney's fees, on which note there is a cash credit under date of April 28, 1921, of $2926.23, making the balance of principal due thereon $6073.77; and another for $7300, dated April 15, 1921, due sixty days after date, with interest from maturity at 8 per cent. per annum, with 10 per cent. on principal and interest as attorney's fees. Both are payable to the order of the Citizens & Southern Bank, were given for money borrowed by the defendant company from petitioner, were executed in the name of said company, and were indorsed individually by defendants Schwitzerlet and Seigler. Copies of said notes are attached to the petition. The indorsement thereof by said Schwitzerlet and Seigler constituted a part of the consideration inducing petitioner to extend said credit to said company. Petitioner's attorneys notified the defendants in writing, ten days before this suit was brought, of its intention to bring suit thereon to the July term, 1921, of Richmond superior court. A copy of said notice is attached to the petition. Schwitzerlet-Seigler Co. is insolvent, and made assignment of all its assets to W. B. Oliver. W. Cleveland Seigler, who is treasurer of said company and indorser upon said notes and individually liable for their payment, and on whose financial responsibility petitioner relied in making said loans, is seeking fraudulently to transfer his individual property to his wife, Eula L. Seigler, to escape liability and to defraud

petitioner. A list of said attempted fraudulent transfers is attached to the petition. Said transfers and deeds are fraudulent and void, made with intent to delay and defraud petitioner; and such intention was known to said Eula L. Seigler when she took same. The considerations alleged in said conveyances were love and affection and nominal or small money considerations, and they were fraudulent and void against petitioner. Unless prevented by an order of the court Seigler will dispose of all his property, if he has not already done so. Petitioner is informed and believes said Seigler has become involved by the failure of said company and by indorsing for it. Petitioner does not know to what extent he is now able to respond, but believes his property so conveyed to his wife and what he may have undisposed of will be ample to protect petitioner, provided he is not permitted to dispose of same and said conveyances to his wife are declared void. Petitioner has no adequate remedy at law. It prays for a general judgment against the company and the indorsers as sureties on the notes; that Seigler be enjoined and restrained from disposing of any of his property before final hearing of the case; that the conveyances to his wife be declared null and void against petitioner; that his wife be enjoined from in any manner disposing of the property conveyed to her by her husband; and that she be required to deliver up said deeds and conveyances for cancellation. Petitioner further prayed for temporary injunction and general relief.

By amendment plaintiff alleged that the payment of $2926.23 on the note of $9000 was made by said company, and that the assignment to Oliver by said company was for the benefit of its creditors; and by adding an allegation that if said Seigler is permitted to make such fraudulent transfers to his wife he will be left insolvent and unable to respond to plaintiff's claim. By another amendment plaintiff alleged that said payment of $2926.23 was made through said Oliver as assignee of said company. By this amendment plaintiff attached to its petition a copy of said deed of assignment, which contained, among other provisions, the following: " This assignment is made in full satisfaction of all claims set forth in the attached list of creditors, and the acceptance by the assignee of the trust is binding and conclusive on the creditors in the list attached who accept any benefits hereunder."

This assignment embraces a stock of merchandise and fixtures of the approximate purchase-price of $37,000, and books of account. In this amendment plaintiff alleges that at the time said assignment was made it specifically refused to consent to the same or to take any benefit thereunder, if by so doing Seigler and Schwitzerlet would thereby be released from their individual liability as said indorsers. As soon as a copy of said assignment was submitted to plaintiff, it addressed a letter, on April 4, 1921, to said Seigler and Schwitzerlet, as follows: " We note in the copy of the deed of assignment furnished us from you to Mr. W. B. Oliver for benefit of the creditors, the following clause: [reciting the above clause]. Of course we understand that the language of this paragraph refers only to releasing the corporation of Schwitzerlet-Seigler Company, and is not to be construed as affecting the liability of the indorsers on any notes of the corporation. We will be glad to have you confirm this understanding by reply." On the same day Seigler and Schwitzerlet entered at the foot of the above letter this statement: " Citizens & Southern Bank: Your understanding is correct.    W. C. Seigler, O. P. Schwitzerlet." Plaintiff alleges that thereby both of said indorsers or sureties waived any possible release of themselves that might have otherwise arisen by reason of the plaintiff accepting any benefit under said deed of assignment, and estopped themselves from claiming any release; and plaintiff would not under any circumstances, but for this waiver, have consented to said assignment or to accepting any benefits thereunder. By said amendment plaintiff struck the name of said company as maker of the notes as a defendant, and the prayer for general judgment against it.

The defendants demurred to the petition as amended, on the grounds: (1) that it sets forth no cause of action; (2) that it sets forth no legal or equitable cause of action; (3) that Eula L. Seigler could not be bound by any secret or private arrangement between plaintiff and Schwitzerlet and Seigler, to the effect that they should remain bound on said notes, because the deed of assignment, which was duly recorded, provided that the assets assigned to assignee for the benefit of creditors was in full settlement of all claims against the defendant corporation, there being no allegation that Eula L. Seigler had any knowledge of the existence of the agreement of said indorsers to be bound for said

notes; (4) that plaintiff abandoned its suit against the defendant corporation, the principal defendant, and for this reason no judgment can be rendered against said sureties; (5) that there is no consideration for the agreement by which Schwitzerlet and Seigler became substituted debtors for said company, by which they were to be held liable for said notes of said company after plaintiff should accept benefits thereunder and relieve and discharge said company; (6) that plaintiff agreed, by accepting benefits under said assignment, to release said corporation from any further liability, and the release of the corporation operated to discharge the sureties on said notes; (7) that the letter of April 4, 1921, by plaintiff and the indorsement at the foot thereof do not operate to change the meaning of a clear and unambiguous provision in said assignment that acceptance of benefit thereunder by plaintiff would be in full settlement of its claims against said company; (8) that plaintiff is charged with knowledge that the acceptance of benefits of said assignment, under the provisions of section 3231 et seq. of Park's Code, operated as a discharge of the assignor from further liability and would automatically relieve the liability of the sureties, and that to add liability or renew the former liability of the sureties on said notes it would be necessary that there be consideration for the same, and it appears there was none; (9) that said correspondence between plaintiff and said indorsers does not constitute a contract on the part of said sureties to assume liability on said notes or a waiver of their legal rights, and this is especially true as to Eula L. Seigler, who is not a party to said correspondence.

By an amendment defendants demurred to plaintiff's petition as amended on the grounds: (10) that the amendment of Nov. 21, 1922, seeks to add a new and distinct cause of action; (11) that the assets conveyed by said company to assignee amount to a sum in excess of $55,000, while the liabilities did not exceed the sum of $37,000, and there is no allegation setting forth what disposition was made of said assets, nor is there any allegation that there will not be sufficient funds in the hands of assignee to pay off the debts of said assignor, and said petition therefore sets forth no cause of action; (12) that the petition as amended does not set forth what payments, if any, have been made by said assignee since the filing of said suit; (13) that the petition shows

plaintiff is not entitled to equitable relief, in that it alleges that more than $55,000 worth of assets were assigned to Oliver for the benefit of creditors, and that the total amount of the indebtedness of the defendant corporation did not exceed $37,000; (14) that plaintiff is not entitled to equitable relief and injunction, no allegation being made that Seigler and Schwitzerlet are insolvent, Seigler having legal and equitable right to convey whatever property he saw fit for a good or valuable consideration, as long as he did not become insolvent; (15) that said petition should be dismissed as to Eula L. Seigler, because it affirmatively appears that the deed from her husband to her of April 9, 1921, had a consideration of $1000, and the other deed of the same date had a consideration of $10, there being no allegation that the realty thereby conveyed was in excess in value of the amounts named in said deeds.

The court overruled the demurrers; and error was assigned.

*P. H. Rowe* and *I. S. Peebles, Jr.,* for plaintiffs in error.

*Wright & Jackson,* contra.

HINES, J. (After stating the foregoing facts.)

1. Under the terms of the deed of assignment made by the maker of the notes sued on, the acceptance by the plaintiff of any benefits thereunder was a full satisfaction of these notes; and as the plaintiff did receive a benefit under the assignment, in the shape of a payment by the assignee on these notes, the acceptance of such benefit terminated the liability of the maker on these notes, which thereby, under the terms of the deed of assignment, became fully satisfied. A creditor can not both affirm and disaffirm the assignment, and when he once affirms it he is bound by its terms and provisions. 5 C. J. 1256, § 414. The obligation of the sureties on these notes was accessory to that of the maker; and when the obligation of the latter, from the assent of the bank to the assignment and its acceptance of benefits thereunder, became extinct, the obligation of the former ceased (Civil Code (1910), § 3539; *Brown* v. *Ayer,* 24 *Ga.* 288; *Phillips* v. *Solomon,* 42 *Ga.* 192; *Rutherford* v. *Rountree,* 68 *Ga.* 725; *Patterson* v. *Gibson,* 81 *Ga.* 802 (10 S. E. 9, 12 Am. St. R. 356); *Cason* v. *Heath,* 86 *Ga.* 438 (12 S. E. 678); 32 Cyc. 151), unless what was done by the bank was done with the knowledge and consent of the sureties, and by an agreement between them and the bank that their ob-

ligation as accommodation indorsers or sureties on these notes was to continue.

The general rule undoubtedly is, that the release of the principal debtor, without the consent of the surety, releases the surety, unless the right to go against the surety is reserved in the instrument of release, or it appears from the whole transaction that the surety should remain bound. 32 Cyc. 154, 165; *Stallings* v. *Bank of Americus, 59 Ga.* 701; *Brown* v. *Ayer, 24 Ga.* 288 (4). So where the creditor reserves all rights against the surety, the latter is not discharged by a release of the principal debtor by the creditor. So where the holder of the notes of an insolvent corporation, indorsed by a third person, signs a composition deed by which creditors assign their claims to a reorganizing committee, and agrees to take in payment the stock of the reorganized company, but upon signing the deed adds a reservation of all rights against the indorser, the indorser is not discharged from his liability as surety. Rockville Nat. Bk. *v.* Holt, 58 Conn. 526 (20 Atl. 669, 28 Am. St. R. 293). Under such circumstances the release will not discharge the surety. McAllister *v.* People, 28 Col. 156 (63 Pac. 308); Clagett *v.* Salmon, 5 G. & J. (Md.) 314; Boatman's Savings Bk. *v.* Johnson, 24 Mo. App. 316; Stirewalt *v.* Martin, 84 N. C. 4; Weddington *v.* Jones, 41 Tex. Civ. App. 463 (91 S. W. 818); North *v.* Wakefield, 13 Q. B. 536, 13 Jurist, Part 1, p. 731; Wyke *v.* Rogers, 21 L. J. (N. S.) 611; Crim *v.* Fleming, 123 Ind. 438 (24 N. E. 358). Thus giving time or accepting a composition does not discharge the surety, if all remedies against him are reserved. Wagman *v.* Hoag, 14 Barb. (N. Y.) 232. Section 3539 of the Civil Code (1910) is but an affirmance of the common law upon this subject. *Phillips* v. *Solomon,* supra.

But in this case there is the express assent of the sureties to the discharge of the principal, and an express understanding between them and the holder of the notes that their obligation as sureties upon these notes was to continue. This makes a stronger case than one of the release or discharge of the principal debtor with reservation of all rights against the surety. The ordinary holding is, that if the surety, with knowledge of the facts operating to discharge him from liability, does any affirmative act which contemplates the continued existence of his status as a surety, he thereby waives the right to claim that he is discharged. Will-

iams v. Pacific Coast Cas. Co., 79 Wash. 164 (140 Pac. 74, Ann. Cas. 1915C, 678). Thus a new promise by a surety after discharge, with knowledge of the facts discharging him, is binding without any new consideration; *aliter* if he has no such knowledge. N. H. Sav. Bk. v. Colcord, 15 N. H. 119 (41 Am. D. 685); Thornton v. Wynn, 12 Wheat. 183 (6 L. ed. 595). This case is much stronger. Here the sureties, to induce the creditor to assent to the assignment, and to settle with the principal debtor, expressly agree that their obligation as sureties shall continue. To hold them bound, under these circumstances, comports with fair dealing and common honesty. While there is force in the view that, if the creditor actually releases the principal debtor, there can not ordinarily be an effectual reservation of remedies against the surety, it is sufficient to say that this case does not present that situation for our consideration. Here the reservation of remedies against the sureties was with their knowledge and consent, and with the express understanding that they were to be still liable. The principal debtor may have a good defense, and yet the surety will be bound. Thus, while duress of the principal is an available defense for the surety, yet if the surety acted with knowledge of the duress, he will be bound, though the principal debtor would not. *Patterson* v. *Gibson,* supra. So we are of the opinion that the sureties were not discharged by the acceptance by the plaintiff of benefits under the assignment; and the court below did not err in overruling the grounds of the demurrer based upon the contention that they were discharged.

2. The other grounds of demurrer are without merit, and need not be discussed at length.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*