### NESBITT v. PARROTT et al.

1. Land having been sold as the property of the intestate of an administrator, the defendant in the execution, this administrator was not a competent witness in his own favor, as transferee of other executions against his intestate, on the trial of a contest for the fund in court, as against the execution raising the fund and another execution against him as administrator, where the plaintiffs in the last named two executions were dead and their administrators were parties to the rule.
2. The verdict was supported by the evidence.

SIMMONS, J., not presiding, because of sickness.

December 13, 1889.

Money rule. Witness. Administrator. Before Judge MILNER. Gordon superior court. February term, 1889.

Reported in the decision.

DABNEY & FOUCHÉ and W. R. RANKIN, for plaintiff in error.

R. J. McCAMY and E. J. KIKER, *contra*.

BLANDFORD, Justice.

A rule was brought against the sheriff to distribute a sum of money in his hands, which was raised by the sale of certain land belonging to William A. Nesbitt, deceased, under an execution in favor of Joseph Willingham against R. H. Nesbitt, administrator *de bonis non* of William A. Nesbitt deceased. Mrs. Parrott, as administratrix of her deceased husband, who had obtained a judgment against R. H. Nesbitt, administrator of William A. Nesbitt, deceased, claimed to participate in this fund, and she was made a party to the same.

R. H. Nesbitt claimed the fund as transferee of certain executions against William A. Nesbitt, one issued upon a judgment in favor of Collins and another upon a judgment in favor of Young, Jackson & Co., these judgments being older than the judgments of Willingham and Mrs. Parrott, administratrix. She and Willingham united in making the issue that the *fi. fas.* in favor of Collins and of Young, Jackson & Co. had been paid off. The case was submitted to the presiding judge without a jury, and he decided that after paying certain costs and fees, the balance should be applied to the Collins *fi. fa.* That case was brought to this court, and will be found reported in 81 *Ga.* 306, the judgment of the court below being reversed.

Joseph Willingham having died, his administrator was made a party. The jury found a verdict in favor of the movants, that is, that the *fi. fas.* upon which Nesbitt claimed the money had been paid off. Nesbitt moved for a new trial, on the grounds that the verdict was contrary to law and to the evidence, and because the court refused to allow R. H. Nesbitt to testify as follows: At the time W. A. Nesbitt bought the land from Collins, Collins was owing the witness a balance of purchase money on the land which the witness had sold to Collins, of $700. Collins sold to W. A. Nesbitt for $3,500 before he had paid witness, and witness paid this sum and $400 additional to Collins on the land. The judgment against W. A. Nesbitt, principal, and the witness, security on appeal, was for about $2,400 or $2,500. Witness had paid the balance of the purchase price, and never did agree to take the land from W. A. Nesbitt and pay the debt for it, because the debt or amount due on the judgment was far in excess of the value of the land. After witness got the land, being liable as security, and the judgment being older than the witness's deed, he tried

to get Collins, administrator, to take the land for the debt, which Collins refused to do; and witness settled the debt, and the *fi. fa.* was assigned to him. He never did agree to pay the debt for the land and never told any one so. The testimony of Joseph Willingham, which was given on a former trial of the case, was read to the jury; his testimony being to the effect that R. H. Nesbitt had told him that W. A. Nesbitt had conveyed to him the land which he (W. A. Nesbitt) had purchased from Collins, and that he was to pay the debt, *i. e.* the Collins *fi. fa.* The court allowed Nesbitt to testify that he made no such statement to Willingham, but would not allow him to testify further in the case, upon the ground that Willingham was dead and his administrator was a party in the case, and furthermore that Parrott was dead and his administratrix was a party, and that W. A. Nesbitt was dead and R. H. Nesbitt was his administrator.

1. We think the court was right in so ruling. Under the evidence act (Code, §3854), R. H. Nesbitt was not a competent witness, he falling within the exception embraced therein, that where the opposite party to the contract or cause of action in issue or on trial is dead, the other party shall not be a witness; and falling within that exception, he stood as to his competency where he would have stood by the common law, and at common law he would have been an incompetent witness.

2. Was the verdict of the jury without evidence to support it? We think, taking all the evidence in the case together (the facts are numerous and somewhat confused), that the verdict was supported by the evidence; and the judgment refusing a new trial is

*Affirmed.*