## W. H. GARNER v. L. H. McGOWEN AND ANOTHER.

See this case for a charge of the court to the jury in reference to representations alleged to have been fraudulently and falsely made by an obligee in relation to the liabilities of a mercantile firm of which he was a member, whereby the sureties on an obligation of indemnity were induced to sign it: *held*, to have been expressed in terms stronger than the testimony warranted; also, for evidence held to be insufficient to sustain a verdict in favor of such sureties in a suit on the bond of indemnity.

APPEAL from Polk. Tried below before the Hon. James M. Maxcy.

This suit was instituted by William H. Garner, the appellant, against Alphonse P. Bailey, L. H. McGowen and William S. Vance, to recover the amount paid by him on a judgment rendered against him and said Bailey.

The action was based upon the following instrument or obligation, to-wit:

"For value received I release Wm. H. Garner from the debts due from the concern of Bailey & Garner, viz: J. & A. Dyer, (and some ten others, enumerating them.) The above comprise the indebtedness of said concern, and I bind myself to protect the said Garner from the payment of the above claims.

"ALPHONSE P. BAILEY.

"L. H. McGOWEN.

"W. S. VANCE.

"August 26th, 1854."

At the June Term, 1855, of the District Court, J. Dyer, the surviving partner of J. & A. Dyer, recovered a judgment against Bailey & Garner for three hundred and sixty-four dollars and sixty-four cents, and costs of suit, on a note executed by Bailey & Garner, in favor of J. & A. Dyer, on the 14th day of April, 1854. On the 8th day of March, 1857, J. Dyer, the surviving partner of J. & A. Dyer, in consideration of four hundred and twenty dollars and forty cents paid to him by Garner, assigned and transferred to him the judgment. On the 19th of March, 1857, Garner brought this suit to recover of Bailey, McGowen and Vance the amount so paid, alleging that, for value received and in consideration of the dissolution of the firm of Bailey & Garner, he, Bailey, as principal, and McGowen and Vance as sureties, had assumed and promised to pay the liabilities of Bailey & Garner, and to protect him from all the liabilities of the said firm, specified in said instrument of writing. He then set out the execution of the note by Bailey & Garner to J. & A. Dyer, the suit by the surviving partner, the judgment, and payment by Garner.

Bailey having died after the institution of the suit, his death was suggested, and the suit revived against his administrator. McGowen and Vance pleaded the general demurrer and general denial, and specially answered, averring that before and at the time of the execution of said instrument, Bailey falsely and fraudulently represented to them that the amount of the liabilities of the firm of Bailey & Garner, which are specified and enumerated in the instrument, did not exceed the sum of three thousand dollars. and that there was then a sufficient amount in the hands of R. & D. G. Mills to pay off said claims; that they had said funds in the hands of R. & D. G. Mills for that purpose, with instructions to pay the said claims; that Garner well knew that Bailey had made these representations; that the claims amounted to a much larger sum, to-wit: to six thousand dollars: that the representations as to the amount in the hands of R. & D. G. Mills were false, which was known to Garner; that these defendants, relying upon these representations, signed the instrument of writing as sureties, &c.

On the trial, it was admitted by the plaintiff that at the time of the execution of the instrument there was no money in the hands of R. & D. G. Mills belonging to Bailey & Garner, or to either of them. The obligation signed by Bailey, McGowen and Vance was read in evidence; also, the transcript of the proceedings had in the suit of J. Dyer, surviving partner, &c., against Bailey & Garner, and the transfer of the judgment by him to Garner.

Robert McClanahan, for defendant, testified that he saw the obligation sued on executed by Bailey, Vance and McGowen; that Vance and McGowen signed it as sureties; that he was in the house at the time it was signed; that at first McGowen refused to sign it; that Bailey represented to him, McGowen, that there were ample means in the hands of R. & D. G. Mills of Galveston to pay the debts of Bailey & Garner; that Garner was in the house at the time of these representations, and was standing about twenty or thirty feet off from where McGowen & Bailey were talking; that Bailey & Garner were angry with each other on that day; that the ill-feeling between them grew out of the fact that Garner had heard that Bailey was not selling his interest in the store to McGowen as he, Garner, was doing, and as Bailey had promised to do; that Bailey and Garner were partners in the store, and the agreement was that both were to sell to McGowen; that a few days after the sale to McGowen, Bailey went back into the firm, and the business was carried on in the name of McGowen & Bailey. That when McGowen refused to sign the obligation, Bailey made the representations as to the funds in the hands of R. & D. G. Mills; then McGowen said that he would sign it if Vance, his co-surety, would sign it. Bailey then went after Vance, who was two or three hundred yards from the store. Vance came with him; then Vance, Bailey and McGowen went into the storehouse and executed the obligation; that Garner was then in the house, standing off some twenty or thirty feet from them. Witness further stated that he could not say that Garner heard Bailey say that there were ample funds in the hands of R. & D. G. Mills to pay the debts of Bailey & Garner.

The court charged the jury, "to entitle the plaintiff to recover

in this suit, he must show that his liability was fixed by the judgment of the Galveston District Court in the cause of J. Dyer against Bailey & Garner, and that this was one of the debts or liabilities embraced in the instrument of writing upon which this suit is founded; and if you so believe, you will find for the plaintiff. If you believe from the evidence that a fraudulent representation was made to McGowen that there were funds in the hands of R. & D. G. Mills to pay off the amounts contracted in the instrument of indemnity, and that there were no funds there, and that these representations were the inducement for the parties to execute the instrument, and that these representations were made by Garner, or by Bailey in Garner's presence, he making no objection, he would be bound by them. If you so believe, you will find for the defendants, McGowen and Vance; otherwise, you will find for the plaintiff."

There was a verdict and judgment against the administrator of Bailey; but a verdict and judgment for the defendants, McGowen and Vance. A motion for new trial was overruled, and the plaintiff appealed.

BELL, J.—The plaintiff below sued upon a written undertaking of the defendants to indemnify him against certain debts due by the firm of Bailey & Garner, of which firm the plaintiff was a member. He showed that judgment had been recovered against him upon one of the debts specified in the contract of indemnity, and that the judgment had been assigned to him for a consideration amounting to the full sum of principal and interest upon it. There was no evidence that Garner acted collusively with the plaintiff in that judgment in receiving the assignment of it. Under these circumstances he was entitled to recover upon the contract of indemnity, unless the instrument of indemnity had been procured by his own false or fraudulent representations, or by the false or fraudulent representations of others made under such circumstances as to make him a party to the falsehood or fraud. The evidence shows that false representations were made by Bailey to the defendants, McGowen and Vance, in order to induce them to sign the contract of indemnity, but it is not shown

by any sufficient testimony that Garner was a party to these representations. The charge of the court in allusion to these representations was therefore expressed in terms stronger than the testimony warranted, and the verdict of the jury was without sufficient evidence to sustain it.

For the error in the charge of the court, and in overruling the motion for a new trial, on the ground that the verdict was contrary to the evidence, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.