## W. H. BALLOW ET AL. V. WICHITA COUNTY.

### No. 6410.

**Injunction Restraining Judgment.**—In a suit to restrain a judgment against the plaintiffs as sureties in a suit by a county against a defaulting county treasurer, the plaintiffs seeking the injunction showed that they had signed as sureties upon the express condition that the signatures of two others specified, and who were solvent, should be obtained to the bond, which fact was known by one of the county commissioners. This defense had not been made known to the attorneys who defended the suits upon the bond, the reason being that their principal had assumed the duty of having all defenses made. It was also shown that the plaintiffs did not know of the rendition of the judgment until long after the term, etc. *Held:*

1. The plaintiff's case was defective in failing to show a sufficient excuse for not making the defense in the original suit.

2. In not showing that the bond was not to be delivered to the county until other sureties should be obtained.

3. Plaintiff does not show a defense to the original action, and the injunction was properly refused. Rev. Stats., art. 2874.

APPEAL from Wichita. Tried below before Hon. P. M. Stine.

On the 15th day of May, 1886, Wichita County obtained two judgments in her favor against Wilson, county treasurer, etc. One was upon the school bond and the other was upon what is termed the treasurer's bond. After judgment was obtained in both cases it was agreed by the attorneys who represented Wichita County that the defendants Ballow et al. should only appeal one case, and as the questions raised were identical the other case should abide the decision of the case appealed. In pursuance to this agreement defendants upon school bond appealed by giving bond with some of the defendants in the other case, designated as No. 109, as sureties upon the appeal bond.

The case designated as No. 108 was appealed as per agreement, and at the April Term, 1887, at Austin, it was affirmed. Thereupon in pursuance to agreement execution was issued on the — day of May, 1887, and levied upon property of the defendants Ballow and Barker, said property having been pointed out by Ballow, one of the defendants, and after the levy Ballow and Barker claimed said property so levied upon as their homestead. The property was released by order of the attorneys representing Wichita County, and thereupon another execution was issued, bearing date 14th day of June, 1887, and this execution was levied upon the property of defendants Ballow and Barker—that is, the defendants in original suit and plaintiffs herein.

Plaintiffs sought to enjoin this last execution upon the grounds that the attorneys representing them in original suit had no authority to make the agreement entered into by them, and that said judgment was a judgment by confession, and that they had a meritorious defense to the action in that they had signed the bond upon the express condition that the principal was to obtain two other specified solvent sureties, which was

not done, and that the County Court knew the fact, etc.   The case was tried by the judge.

The findings of the court are as follows: "Attorneys Nittich & McBride were employed by Wilson with consent and acquiescence of his sureties to represent them in cases Nos. 108 and 109, and that they had no special authority to make any agreement in said cases except such as. they had under their general authority as attorneys to represent the parties in said cases.

"That judgment was first rendered in cause No. 108, and when cause No. 109 was called Nittich & McBride stated to the court that the issues. were the same as in No. 108 and submitted the case upon the authorities and argument in cause No. 108, and the court thereupon rendered judgment in case No. 109, and before the adjournment was entered upon the minutes of the court the agreement introduced in evidence was drawn up, executed, and filed, and then the judgment was entered on the minutes of the court; that no evidence was introduced on the trial of No. 109, but the case was submitted as above stated.

"That the sureties on the bond left the defense of the case to their principal, T. C. Wilson, who was present in court when said cases were disposed of.

"That plaintiffs Ballow and Barker had no notice of the filing of said agreement till after the adjournment of the court.

"That the plaintiffs knew of the defense to said bond sought to be set up in this case before the final trial of cause No. 109 and failed to set. the same up.

"Upon the above findings of fact the court finds the law to be that said judgment is valid and binding and can not be set aside in this proceeding instituted thirteen months after the rendition of said judgment."

The judgment was rendered refusing the injunction and the plaintiffs appealed.   Other facts appear in the opinion.

*Wm. W. Flood* and *Wray & Stanley*, for appellants.— 1.   The court erred in the judgment rendered against the plaintiffs, and same was contrary to the law on the facts as found by the court, and against the law and all the evidence, in these:

(1)   The plaintiffs showed a good defense that would have defeated this suit against them, and they were deprived without fault of theirs of interposing it.

(2)   They were led to believe and did believe that said cause was to be continued until the final determination of cause No. 108.

(3)   The judgment entered in cause 109 was purely one of confession and without authority and void, as was clearly shown by the agreement entered into between the attorneys representing the parties respectively.

(4)   The judgment entry is shown not to comport with the facts it

pretends to speak, and is untrue, and thereby emphasizes the illegality of the pretended agreement.

(5)  The evidence showed unequivocally that the plaintiffs sought to avoid this judgment as soon as they were apprised of the fact that such judgment entry had been made against them.   Roller v. Wooldridge, 46 Texas, 485; Williams v. Nolan, 58 Texas, 708; Dunman v. Hartwell, 9 Texas, 495; Freem. on Judg., secs. 99, 100; Loving v. Dixon, 56 Texas, 75; Lane v. Scott, 57 Texas, 367; State v. Churchill, 3 S. W. Rep., 352; Bank of U. S. v. Davis, 15 N. Y. Com. Law Rep., 451; State Bank v. Evans, 28 Am. Dec., 451.

2.   An attorney can not under his general authority consent to the entry of a judgment against his client without his assent, nor has he any general authority to waive any right of his client.   People v. Lamborn, 2 Ill., 123; Waltham v. Gay, 73 Ill., 415; 1 Jacob's Fisher's Dig., p. 1004, subdiv. 3; 1 Wait's Act. and Def., 439; 8 Wait's Act. and Def. (supp.), sec. 8.

3.   In trial of causes by the court when no agreed statement of facts is made up and signed by the parties or their counsel involving the matters in controversy upon which it may be submitted, then the trial shall proceed as in cases of trial by jury, and no judgment can be confessed by attorney without filing the power therefor and reciting contents of same in the judgment.   Rev. Stats., arts. 1292, 1293, 1348.

*Cobb & Boyd*, for appellee. — 1.   The petition did not show sufficient grounds to enjoin the judgment.

(1)  It was not filed within one year from the date of the judgment sought to be enjoined.   Rev. Stats., art. 2875; Cook v. Baldridge, 39 Texas, 252; Jordan v. Corley, 42 Texas, 286; Miller et al. v. Clements et al., 54 Texas, 353.

(2)  No excuse is shown for the delay.   Cook v. De la Garza, 13 Texas, 445.

(3)  The petition shows that the plaintiffs, who were defendants in the original suit, had counsel and knew of the defense before the trial of the case.   Larson v. Moore, 1 Texas, 28; 25 Texas, 416; Cook v. Baldridge, 39 Texas, 252; Miller v. Clements, 54 Texas, 354.

(4)  No reason is shown why the defense was not pleaded, although stating they were misled by their counsel.   Cook v. De la Garza, *supra.*

(5)  Bill to enjoin a judgment must show a good defense, and that petitioners were prevented from making same by fraud, accident, or the acts of the other party.

2.   The evidence shows that the defense as sought to be set up was that at the time the treasurer's bond (sued on in original suit) was being made T. C. Wilson, treasurer (and one of these plaintiffs), requested Ballow and Barker to go on the bond, and that they signed the bond with the un-

derstanding that James et al. would sign it.    Wilson did not present the.
bond for the other signatures, but presented the bond to the Commission-
ers Court and it was approved.

(1)    This defense could not avail plaintiffs unless they showed fraud-
ulent acts of the court in approving the bond, which has not been done.

(2)    The statement of Ballow and Barker that they would not go upon.
the bond unless James et al. went on it could not avail them as a de-
fense unless they, in person or by attorney, notified the court before the
bond was approved.

(3)    Because by the statement by Ballow and Barker to Wilson to
get other parties to sign bond they, Ballow and Barker, adopted and
made Wilson their agent to get other signers, and if Wilson presented the.
bond to the court without being signed by other parties it was no fault.
of the Commissioners Court.

(4)    The defense here set up could not be a defense to the original suit,.
for if parties could avail themselves of such a defense the law would be a.
farce, and it would be useless to demand official bonds.

HENRY, ASSOCIATE JUSTICE.—T. C. Wilson, as treasurer of Wichita
County, gave two bonds, on one of which the plaintiffs in this suit were his.
sureties.    The county sued upon both bonds.    The suit to which plaint-
iffs were not parties was numbered on the court docket 108.    The one to
which they were parties defendant was numbered 109.

Plaintiffs Ballow and Barker pleaded that they signed Wilson's bond as
sureties upon condition that before it was used the signatures of two other
parties named, who were then and are now solvent, should be procured
to it; that they so signed at the instance of Wilson and one of the county
commissioners, who promised them they would procure the additional
signatures, but they failed to do so, and without the knowledge of such
failure by said sureties the County Commissioners Court accepted said
bond.

Default was made on both bonds and the county sued upon both.·    Both
suits were defended by the same attorneys, who were employed by Wilson,.
who promised plaintiffs that all defenses should be made.

The defensive pleadings made by the attorneys were the same in both
cases.    Plaintiff filed exceptions to the legal sufficiency of the defenses,
which having been argued in cause 108 were sustained by the court, and
the proof sustaining plaintiff's case, judgment was entered in its favor,
from which the defendants prosecuted an appeal.

The special defense of plaintiffs, mentioned above—that is, the failure
to comply with the condition that the names of other sureties to the bond
should be procured—was not pleaded, and plaintiffs as well as their attor-
ney testified that it was not mentioned to the attorneys until after judg-
ment in the cause was rendered.    The attorney for defendant expressed

to plaintiffs his perfect confidence of success upon the defenses pleaded, which is stated by one of the plaintiffs to be his reason for not mentioning his peculiar defense.

When judgment was rendered in cause 108, the pleadings and facts being the same, an agreement was made by the attorneys that the same judgment should be entered in cause 109, which was done without introducing any evidence in that case, though the judgment recited the proceedings of a regular trial on the facts.   An agreement in writing signed by the attorneys was filed in cause 109 to the effect that execution should be stayed and the judgment should abide the result of the appeal in cause 108.   This court afterwards affirmed the judgment in cause 108, after which execution was sued out on the judgment in 109 and levied upon the property of the plaintiffs, who instituted and now prosecute this suit to enjoin said execution.   .

The grounds relied on by plaintiffs are that they are not bound by their signatures to the bond because of the non-compliance with the conditions on which they were procured, and which they claim would have been a good defense to the suit on the bond.   They charge that Wilson promised and they believed all their defenses to that suit would be made, and that they were assured by their attorneys that the defense being made by them would succeed; that the entry of judgment in cause 109 without a trial was unwarranted by law, it being in fact but a confession of judgment without authority; that plaintiffs were informed by their attorneys at the time said judgment was rendered that cause 109 had been continued, which they believed, and relying on that statement they had no knowledge that judgment against them had been rendered until after the judgment in cause 108 had been affirmed in this court.

This cause was tried before the judge and judgment rendered for the defendant.

We do not think these objections are well taken.   The record fails to disclose that plaintiffs had any right to rely upon their attorneys making such a defense.   It is clear that they did not communicate to them that they had such.   More than that, this record discloses that they had no valid defense on the grounds urged.   Plaintiffs do not establish by evidence that it was ever brought to the knowledge of the County Commissioners Court that they signed the bond on any conditions or with any reservations.   They only show that they expressed such condition to the treasurer and to one of the commissioners who was engaged in helping him to make the bond.   When plaintiffs signed the bond they delivered it to these parties and allowed them to deliver it to the court and procure its approval without objection.   Under this state of facts they are bound unconditionally by the bond, and the defense if it had been made to the suit on the bond would have been utterly unavailing.

It is unnecessary to go into the questions raised as to the authority or

regularity of the proceedings resulting in the judgment rendered in cause 109. If it was reopened plaintiffs do not show any defense to it. It is proper to say that we think all allegations imputing want of good faith to defendant's attorneys in cause 109 are contradicted by the record.

Article 2874 of the Revised Statutes reads: "No injunction shall be granted to stay any judgment or proceedings at law except so much of the recovery or cause of action as the complainant shall in his petition show himself equitably entitled to be relieved against, and so much as will cover the costs."

The judgment is affirmed.

*Affirmed.*

Delivered June 14, 1889.