Gulf, Colorado and Santa Fe Railway Company v.
H. D Taylor & Sons.

Delivered April 6, 1898.

**1. Common Carrier—Forged Order—Innocent Purchaser.**

A railroad company which delivered property intrusted to it as a common carrier upon a forged order can recover its value, after fully accounting to the consignees, from warehousemen to whom it was delivered by the fraudulent recipient for a valuable consideration, and by whom it was sold without knowledge of the fraud to other parties, the maxim of caveat emptor being applicable to such sale.

APPEAL from Harris. Tried below before Hon. W. N. SHAW.

*J. W. Terry* and *Chas. K. Lee,* for appellant.

*Ira P. Jones,* for appellees.

PLEASANT, ASSOCIATE JUSTICE.—The nature and result of this suit is thus given by the appellant: "This suit was instituted by the appellant in the Justice Court of Harris County, Texas, to recover of appellees the value of three bales of cotton, $115.52, which it alleged had been stolen from it or procured from it by means of a forged order, while in its possession as a common carrier, and had been delivered by the party so procuring the cotton to appellees, and by them received and sold and the receipts thereof converted to their own use; that appellees, though often requested, had wholly refused and failed to pay the amount so received. The appellees, defendants below, answered by general demurrer, general denial, and special answer, in substance, that they had received the cotton without any notice or knowledge of the wrongful possession of the party delivering to them, and sold the same to other innocent persons before receiving such knowledge, and that plaintiff in delivering the cotton to a person not entitled to the same, thus giving authority and color of authority to such person to treat the same as his own and dispose of the same to defendants as innocent purchasers, in good faith, became a party to the fraud and is not entitled to recover, and there is not and never has been any privity of contract between them and plaintiff in regard to said property, and that plaintiff being most negligent, it must be responsible.

"There was a trial in the Justice Court and judgment for defendants, from which plaintiff appealed to the County Court. Trial in the County Court, March 16, 1897, and verdict and judgment for the defendants.

Motion for new trial made on substantially the same grounds as now assigned as error, and overruled, and this case has been properly brought to this court by appeal."

This case being one in which the judgment of this court is final, we do not deem it necessary to discuss the assignments, or to give our conclusions of either fact or law, further than may be essential to a statement of the grounds upon which our decision rests. There was no question but that the cotton which was the subject of the controversy between the litigants was obtained by the fraud of a third party from the appellant, the bailee of the property, and by that third party sold to the appellees for a valuable consideration, without knowledge or notice on their part of the fraud, until after they had sold the cotton to other parties. The cotton was delivered by appellant, upon a forged order purporting to be the order of the consignees of the cotton, and for whose account appellant was holding the same, directing them to deliver the cotton to Messrs. Carson, Sewall & Co., a prominent commercial firm of the city. The order was presented to appellant by a drayman well known to both the appellant and the appellees, who was illiterate, but was honest and trustworthy, and was without complicity in the fraud perpetrated by the person who committed the forgery and delivered him the order, with instructions to take the cotton to appellees' warehouse. The order purporting to be signed by Inman & Co., the consignees of the cotton, advised the appellant, after describing the cotton and directing its delivery, that they paid freight and that they held the bill of lading, and directed appellant to render to them, the consignees, the freight bill. The order was not indorsed by Carson, Sewall & Co. The delivery of the cotton upon such an order from Inman & Co., the evidence showed, would not have been out of the usual course of business between appellant and that firm. Upon these facts the appellees denied the right of the appellant to recover the value of the cotton from them, because, first, they had not received it from appellant nor its agent; second, appellant wrongfully converted and disposed of said property, and by its own acts gave authority to some other person to receive and dispose of said property, and by said acts and wrongdoing appellant is estopped from claiming from appellees said cotton, or its value; third, appellees received the cotton in due course of trade, and in good faith, from another person than appellant, and without notice or knowledge at the time of the wrongful possession of said person, and without such notice or knowledge appellees subsequently sold the cotton to innocent parties. This court is of the opinion that none of these defenses can be sustained upon principle or authority; that the facts of this case do not relieve the appellees from the operation of the maxim, caveat emptor, and that appellant having fully accounted to Inman & Co., the consignees, for the cotton, should have recovered the value thereof from appellees; and that the trial court erred in rendering judgment for appellees. Its judgment is therefore reversed, and judgment is here rendered for ap-

pellant for the value of the cotton at the time it was converted by appellees, with legal interest thereon from that date.

*Reversed and rendered.*