### H. L. Norris v. Zane Cetti, Trustee.

Decided February 27, 1904.

**Surety—Conditional Signing—Further Name to Be Added.**

A bond to secure C. was signed by S. and N. as sureties for the obligor, S. instructing C.'s agent at the time, and in the hearing of N., that the bond was not to be delivered until one B. had also signed it as a surety, but the bond was delivered and accepted without B.'s signature and without knowledge on the part of the sureties that his signature had not been obtained. Held that the condition and failure to comply therewith operated to release N. as well as S., since N. signed with the understanding that the bond was not to take effect without B.'s signature.

Appeal from the County Court of Tarrant. Tried below before Hon. R. F. Milam.

*W. S. Thomas* and *Bomar & Bomar,* for appellant

*C. von Carlowitz,* for appellee.

SPEER, Associate Justice.—On about the 10th day of December, 1902, one E. T. Hudson, desiring to engage in the beer business in Paris, Texas, entered into a bond to appellee, as trustee for the Texas Brewing Company, with appellant, H. L. Norris, and M. L. Sims as his sureties, conditioned that said Hudson should pay to appellee any and all amounts of money which he might become indebted to appellee for merchandise sold him and for empty cooperage. The present suit was instituted upon said bond to recover a sum of money alleged to be due under its terms. The court, a jury being waived, rendered judgment· in favor of the surety Sims and against appellant Norris, who alone prosecutes this appeal.

It is the contention of appellant that he is not bound by his signature upon such bond, for the reason that he signed upon the condition and with the understanding that one John C. Burks was also to sign same as surety before said bond was to be delivered to or acted upon by the brewing company, of which condition the company had full notice. Another question is made of the application of a payment of $360 made by said Hudson, but which question, according to the views we take upon the issue first presented, it will not be necessary for us to consider.

The evidence introduced upon the trial supports the finding of the trial judge that M. L. Sims, at the time he signed said bond, instructed E. L. Hudson, the obligor, and Mohrhardt, the agent of appellee, that the bond was not to be delivered or used until J. C. Burks had signed same as surety, and that said Burks never did sign same, and the same was delivered to appellee in violation of the instruction of said Sims, and that the agent of appellee knew at the time of said instruction by Sims to Hudson and Mohrhardt. The evidence further shows that appellant was present at the time and heard such instructions and under-

stood that Burks was to sign the bond, and never knew any better until long after the delivery of the same to appellee. We think under the facts of this case that Sims must be regarded as the spokesman for appellant in the matter, and that the condition imposed by him was such that the instrument constituted an escrow until properly signed by Burks, and that the signing by appellant was upon the same conditions. It was wholly unnecessary for appellant to repeat the language of Sims, for if the instrument was not to be delivered or used until Burks had signed the same, then clearly no liability whatever could attach as to any of the sureties signing it. Until delivered it is no instrument at all. We think the case is ruled by Pawling v. United States, 4 Cranch, 219, in which Chief Justice Marshall, in delivering the opinion of the court, made use of the following language: "Some distinction was taken at bar between the case of Todd and the other defendants. But the court is of opinion that no such distinction exists. The other defendants said nothing. They did not even acknowledge their signatures. Todd, holding the instrument in his hands, called upon the witness to take notice that 'we' (in the plural), 'acknowledged this instrument, but others are to sign it.' The two other obligors being present and making no other acknowledgment, are clearly to be considered as speaking through Todd, and executing the bond on the terms on which he executed it. Their condition, then, is the same. It is either an escrow or a writing obligatory with respect to all of them." See also Carleton v. Cowart, 45 S. W. Rep., 749; Bank v. McAnulty, 31 S. W. Rep., 1096; Campbell Printing Press Co. v. Powell, 78 Texas, 53; Hurt v. Ford, 36 S. W. Rep., 674.

We think the trial court erred in rendering judgment against appellant, and upon our conclusions of fact above noted, the judgment is reversed and here rendered in his favor.

*Reversed and rendered.*