## U. S. WEDDINGTON ET AL. v. C. B. JONES.

Decided January 27, 1906.

**1.—Deposit of Public Funds—Indemnity Bond.**

An indemnity bond given to induce a county treasurer to deposit the public funds of the county with a certain bank, is not void as against public policy, and may be enforced.

**2.—Same—Statutory Assignment—Conditional Acceptance—Valid—When.**

Where an insolvent banker made a statutory assignment providing for releases from accepting creditors, and a county treasurer having county funds on deposit with said banker under an indemnity bond, accepted under said assignment upon the express and open condition that such acceptance should not have the effect of releasing the indemnitors for any balance due, such acceptance was not fraudulent and did not release the indemnitors.

Appeal from the District Court of Childress County. Tried below before Hon. S. P. Huff.

*E. E. Diggs,* for appellant.—That the acceptance under the assignment released the indemnitors, cited: Willis & Bro. v. Morris, 63 Texas, 458; Dansby v. Frieberg, Klein & Co., 76 Texas, 463; Roberson v. Tonn, 76 Texas, 535; Gourley v. Tyler & Simpson, 4 App. Civ. Cas., 325; Sayles' Civ. Stats., art. 71 and 2544.

*J. L. Lackey,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by the appellee as treasurer of Collingsworth County to recover from appellants the amount of money secured by an indemnity bond executed by them to induce the appellee to deposit the funds of Collingsworth County in his hands as treasurer with U. S. Weddington as banker, doing business under the name of the Bank of Childress. While the money was on deposit with him Weddington became insolvent and made a statutory assignment providing for releases of liability from the various creditors accepting the same. Appellee at first refused to accept the benefits of the assignment, on the ground that such acceptance might relieve the sureties on the indemnity bond, but finally accepted it, on condition that these sureties should not be released, which condition was indorsed on the letter of acceptance, and thereupon received from the assignee a portion of the claim. The rest was recovered in the judgment appealed from.

The first assignment of error presents the contention that it was

against public policy for the treasurer of Collingsworth County, the legal custodian of the funds of that county, to transfer the same to another person for safe keeping, and for this reason that the indemnity bond was null and void. No authority is cited to sustain this contention in its entirety and we know of none. On the contrary, it seems to us it would be more plausible to contend that it would be against public policy to release the indemnitors from liability for the funds of the county so obtained from the treasurer.

The next contention is that the acceptance of the assignment by the appellee with the understanding that the sureties on the indemnity bond were not to be released was fraudulent, and therefore had the effect of releasing the indemnitors, but this contention, though authorities are cited to support it, is also without merit. The cases cited hold that a secret agreement between the assigning debtor and an accepting creditor that such creditor is to receive the payment of his debt in full, notwithstanding the condition of the assignment providing for release, is fraudulent and void. But no such case is found in this record. True, a conditional acceptance was made, but not secretly made. Besides, the principle would not apply to a trustee, such as appellee was, suing to recover in that capacity, as appellee did.

The remaining assignment complains that the amount recovered exceeded the amount claimed in the petition, but we do not so interpret the record. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.