### KUGLE v. TRADERS' STATE BANK OF CLEBURNE et al. (No. 6954.)

(Court of Civil Appeals of Texas. San Antonio. May 9, 1923.)

**I. Appeal and error ⬤⟺282, 301—Motion for new trial in cases tried by the court not necessary, nor is appellant restricted to his grounds for new trial.**

Under Rev. St. art. 1612, and Rules, 23, 27, 29 (142 S. W. xii), in causes tried before the court without a jury no motion for new trial need be filed, or if such motion is filed, a proponent thereof is not restricted to matters set out therein but may on appeal assign other errors in the trial court.

**2. Contracts ⬤⟺42—One executing note upon understanding another will also sign it is released if such other fails to comply.**

One who executes an obligation in any capacity, conditional upon the express agreement, of which the obligee has notice, that a third party shall likewise execute the instrument and share the liability thereon, is released from liability if the third party fails to so execute the instrument.

**3. Principal and surety ⬤⟺23(2)—Surety on note held bound, though another, who was to have signed as surety also, signed only as indorser.**

Where a bank at the time of making a loan on a note had notice that three persons other than the maker would sign as sureties and the note was in fact signed by the maker and one surety at the time the loan was made and thereafter delivered to another surety so that he might himself sign and secure the signature of the third surety, held that, though the party to whom the note was given after securing the

signature of the second surety signed himself though only as indorser, the bank could assume it had been executed in a manner satisfactory to the parties and that they were bound, though the indorser had rendered himself only secondarily liable rather than primarily as contemplated.

**4. Banks and banking ⬤⟺116(5)—Bank, payee of note, held not bound by knowledge of one of its directors who indorsed note.**

Where the director of a bank and others agreed to sign a note as sureties, but such director in fact signed only as an indorser, held that the bank was not chargeable with his knowledge of the agreement, whereby he was to have signed as surety; his interests being adverse to those of the bank.

**5. Principal and surety ⬤⟺34—Surety on note held liable, though he signed after execution by principal and delivery of funds by payee.**

Where a bank, with the understanding that three persons would sign as sureties on a note to be given for a loan, delivered the funds to the maker after execution by him and one of the sureties, held, that a surety signing thereafter could not avoid liability on the ground that there was no consideration for his signing.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Action by the Traders' State Bank of Cleburne and others against I. C. Barry, J. D. Kugle, and others. Judgment for plaintiff, and the last-named defendant appeals. Affirmed.

J. D. Kugle, of Dallas, for appellant.

Walker & Baker and B. Gayle Prestridge, all of Cleburne, for appellees.

SMITH, J. Appellees' bank brought suit to recover as payee upon a promissory note alleged to have been executed by I. C. Barry, as principal, J. B. Dalrymple and J. D. Kugle, as sureties, and H. P. Brown, now deceased, as indorser. The cause was tried by the court without a jury, and judgment was rendered in favor of the bank against Barry as maker, Dalrymple and Kugle as sureties, and the executrix of the estate of H. P. Brown, deceased, as indorser, whose liability was adjudged as secondary, only. Kugle, alone, has appealed.

[1] Appellees have filed motions to strike out appellant's assignments of error, upon the ground that the errors here urged were not specified in the motion for new trial filed by appellant in the court below, as provided in article 1612, R. S., and rules 23, 27, 29 (142 S. W. xii). The cause, as stated, was tried before the court without a jury, and while appellant filed and urged a motion for new trial in the court below, none of the grounds urged on appeal were embraced in that motion, although they were filed as assignments of error in the court below, subsequent to the overruling of the motion for new trial.

─────────────────────────────────────────

⬤⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It has been definitely settled by our Supreme Court that in causes tried before the court without a jury, no motion for new trial need be filed, and even though such motion is filed, the proponent thereof is not restricted to the matters set out in the motion, but may assign other errors in the trial court, and present them on appeal, as has been done here. Engineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593; Barkley v. Gibbs (Tex. Com. App.) 227 S. W. 1099; Harlan v. Acme Co. (Tex. Com. App.) 231 S. W. 348. Appellees' motion to strike out assignments, on that ground, will therefore be overruled.

It appears from the record that Barry, the principal on the note, needed $3,000 in cash, and that Brown, Kugle, and Dalrymple agreed with Barry to go on the latter's note for the purpose of securing the amount. Barry, Brown, and Dalrymple then went to the bank and negotiated with Ramsey, its president, for the loan. Ramsey testified that—

"It was stated to me by Judge Brown that this note would be signed by Dalrymple, Kugle, and Brown, and I made the loan with the understanding that these names would be on the note with Barry (the principal). I did not know Barry. Dalrymple and Brown first came to me about this loan, and it was negotiated by Dalrymple and Brown."

Dalrymple testified that when he went to Ramsey, the bank president, he told the latter that "Kugle and Brown would be sureties on the note. Mr. Brown was present with me when I made this statement" to Ramsey; that he represented to Ramsey that "we three, myself, Brown, and Kugle would guarantee to the bank as sureties the payment of $3,000, and we all executed the note for that purpose." It seems that the money was paid over on the note at that time, when it had been executed only by Barry, the principal, and Dalrymple, as surety, and that Brown then took the note away with him to procure Kugle's signature, and to attach his own signature. He took it to Kugle, who signed it as surety, with the understanding, according to his testimony, that Brown would likewise sign it as surety. He thought Brown did sign it as a surety, but as a matter of fact the latter indorsed it on the back, in blank, and in this condition it was turned over to the bank. He contends that he was induced to sign the note as surety by reason of the agreement that Brown would also sign as surety; that but for that agreement and understanding between all parties he would not have executed the note in any capacity, or for any purpose. In his answer to the bank's petition, Kugle set up the foregoing facts, but in his prayer asked for no relief, except that his liability to the bank be adjudged to be the same as, or no greater than, Brown's liability. He did not seek to defeat liability as a whole. Although the defendant Brown sought no relief against Kugle, the latter filed what purports to be a "reply" to Brown's answer, in the conclusion of which he prays that Brown's liability be adjudged to be the same as Kugle's; that if Brown's liability is adjudged to be that of an indorser only, then that Kugle's liability be likewise fixed. Judgment was rendered, however, fixing Kugle's liability as that of surety, and therefore primarily liable on the note, while Brown's liability was limited to that of indorser, and secondary to the liability of the maker and sureties.

[2] In this state of the record, we have concluded that the judgment should be affirmed. The general rule is that one who executes an obligation, in any capacity, conditional upon the express representation and agreement, of which the obligee has notice, that a third party shall likewise execute the instrument and share the liability thereon, will be released from liability if the third party fails to so execute the instrument. This rule is well settled. Loving v. Dixon, 56 Tex. 75; Carleton v. Cowart '(Tex. Civ. App.) 45 S. W. 749; Bopp v. Hansford, 18 Tex. Civ. App. 340, 45 S. W. 744.

[3] Here, however, while the bank had notice at one time that Brown, Dalrymple, and Kugle were expected to "go on" the note with Barry, the principal, Brown, took the note from the bank for the purpose of getting it signed up as planned. Later, he returned and delivered it to the bank executed as has been shown, with Kugle and Dalrymple as sureties, and Brown as indorser. In so delivering the note to the bank Brown was acting as the agent of Kugle, and the bank could assume that it was in the form, and executed in a manner, selected by, and satisfactory to signers, who would therefore be bound as they had signed and delivered. Bopp v. Hansford, supra, and authorities there cited; Norris v. Cetti, 35 Tex. Civ. App. 28, 79 S. W. 641.

[4] It appears that Brown was a director in the bank at the time of these transactions, but he was not actively engaged in the management of the institution, which was represented in the entire transaction by Ramsey, its president. The effect of the facts, then, was to show that Brown was acting in his individual capacity, for himself and other individuals, and was in no sense an agent of the bank. Accordingly, the bank was not bound by, or charged with notice of his agreements with and promises to Kugle, by reason of the fact that he was a director in the bank. He was not only not acting for the bank in the matter, but his interests, and those of his associates, were adverse to those of the bank, which was in no sense bound by his acts or knowledge. Teagarden v. Lumber Co., 105 Tex. 616, 154 S. W. 973; Bank v. Hall (Tex. Civ. App.) 91 S. W. 807; Hawkins v. Bank (Tex. Civ. App.) 175 S. W. 163.

[5] Appellant makes the point that because he executed the note after the principal had

252 S.W.—14

executed it, and obtained the money on it, there was no consideration for its execution by him. It may be true, as he contends, that in the absence of any other fact affecting his liability, his execution of the note as surety, subsequent to its negotiation, would not render him liable; it is unnecessary to here discuss or decide that question. But the note was negotiated with the distinct understanding between all the obligors on the one hand, and the bank on the other, that Kugle, who was absent at the time of the negotiation, would execute the note as surety when presented to him, and upon this representation, with Kugle's knowledge, the bank paid over the money. Subsequently, as originally planned by all parties, Kugle, executed the note. Thus the bank paid over the money in consideration of Kugle's agreement to execute it at a later date, and under such circumstances he was bound when he signed. This is held to be the law by the very authorities this appellant himself cites. Eitel v. Farr, 178 Mo. App. 367, 165 S. W. 1191.

The judgment is affirmed.