**HIDALGO COUNTY WATER IMPROVEMENT DIST. NO. 2. v. SAN JUAN STATE BANK & TRUST CO. et al. (No. 7461.)***

(Court of Civil Appeals of Texas. San Antonio. Jan. 20, 1926. Rehearing Denied Feb. 17, 1926.)

**1. Appeal and error ⟜907(3).**

Without statement of facts, findings of fact of trial court become conclusions of fact of Court of Civil Appeals.

**2. Principal and surety ⟜23(2)—Water district, without knowledge of representations of vice president of depository of its funds that other sureties would also be procured, inducing surety to sign bond as depositary, was not bound by such representations.**

A water district, depositing money in a bank, is not bound by representations of vice president of bank that other sureties would be obtained on deposit bond which induced one of sureties to sign bond, where district had no knowledge of representations.

**3. Depositaries ⟜7—County judge's approval of depository for funds of water district is, required only where directors of bank selected by bidding are also members of water district board, and does not affect bond given by bank not selected by bidding (Laws 1921, c. 13, § 7 [Vernon's Ann. Civ. St. Supp. 1922, art. 5107—100]).**

The approval of county judge of a depository for funds of a water district, under Laws 1921, c. 13, § 7 (Vernon's Ann. Civ. St. Supp. 1922, art. 5107—100), is required only when highest bidder for depository is a bank in which members of water district board are also directors of a bank, and does not affect deposit bond, accepted and approved by the district and executed by bank not selected by bid.

**4. Depositaries ⟜7—Failure to comply with statute in selection of depository does not prevent making of valid bond between water district and bank (Laws 1921, c. 13, § 7 [Vernon's Ann. Civ. St. Supp. 1922, art. 5107 —100]).**

Failure to comply with Laws 1921, c. 13, § 7 (Vernon's Ann. Civ. St. Supp. 1922, art. 5107—100), regulating selection of a depository for funds of water district, does not prevent making of a valid bond with bank and sureties in which funds are deposited.

**5. Depositaries ⟜13—Check deposited by water district in bank acting as its depository held to create deposit for which sureties on deposit bond were liable.**

Check deposited by water district in bank acting as depository of its funds credited to district, and used as a fund against which it

drew checks, created a deposit in favor of district, for which sureties on deposit bond, requiring return of all funds of the district, were liable.

6. Depositaries ⚖➔7, 8—Deposit of funds by water district in four banks after rejecting bids for depository held legal, and deposit bond given was statutory bond (Laws 1921, c. 13, § 7 [Vernon's Ann. Civ. St. Supp. 1922, art. 5107—100]; Rev. St. 1911, art. 2445).

Rejection by water district of all bids for a depository under Laws 1921, c. 13, § 7 (Vernon's Ann. Civ. St. Supp. 1922, art. 5107—100), and deposit of its funds in four banks, under provision of Rev. St. 1911, art. 2445, was a legal proceeding, and bond given by a bank was a statutory bond.

Appeal from District Court, Hidalgo County; L. J. Polk, Judge.

Suit by the Hidalgo County Water Improvement District No. 2 against the San Juan State Bank & Trust Company and others. From the judgment, plaintiff appeals. Affirmed in part, and reversed in part, and rendered.

F. W. Kibbe, of Brownsville, and James R. Dougherty, of Beeville, for appellant.

Geo. P. Brown, of Edinburg, D. W. Glasscock and McDaniel & Bounds, all of McAllen, and Spears & Montgomery, of San Benito, for appellees.

FLY, C. J. This is a suit by appellant against the San Juan State Bank & Trust Company, as principal, and Albert Ewers, W. G. Rice, R. L. Savage, F. C. Platt, R. J. Gaines, G. H. Molby, and A. A. Hughes, as sureties, and J. L. Chapman commissioner of banking, a pro forma party, on a bond given by the bank to secure appellant in money deposited in said bank. The cause was tried by the court, without a jury, and judgment was rendered dismissing J. L. Chapman, banking commissioner, from the suit, against the bank, in favor of appellant, for $36,072.89, and in favor of the sureties for their costs, and that appellant recover nothing as against them.

[1] There is no statement of facts, and consequently the findings of fact of the lower court become the conclusions of fact of this court. We ascertain from such findings of fact that on or about July 20, 1920, appellant was duly organized as a water improvement district in Hidalgo county, under the laws of Texas, and advertised for bids for a depository of its money but rejected bids made for the same, and in December, 1920, the directors of appellant made an order that its funds should be deposited in five different banks, one of which being the San Juan State Bank & Trust Company, prescribing a minimum rate of interest on such deposits of 1½ per cent. Each bank was required to give a bond in the sum of $100,000. Bonds for four of the banks, the bank herein sued among the number, were accepted and approved by appellant. The bond of the San Juan State Bank & Trust Company is as follows:

"The State of Texas, County of Hidalgo:

"Know all men by these presents, that we, San Juan State Bank & Trust Company, as principal, and Albert Ewers, R. L. Savage, W. G. Rice, F. C. Platt, R. J. Gaines, A. A. Hughes, and G. R. Molby, as sureties, are held and firmly bound unto E. H. Griffith, Caly Everhard, J. O. Miller, L. C. Heales, and C. B. Cramer, composing the board of directors of Hidalgo county water improvement district No. 2, of Hidalgo county, Tex., and their successors in office, in the sum of $100,000, for the faithful payment of which we hereby bind ourselves our successors, assigns, heirs and legal representatives.

"The condition of the above obligation is such that, whereas the San Juan State Bank & Trust Company has been designated as one of the depositories of the said Hidalgo county water improvement district No. 2, now, if the said San Juan State Bank & Trust Company shall faithfully perform all of the duties and obligations devolving by law upon it as such depository and shall make payment upon presentation of all checks drawn upon it as such depository by the board of directors of said Hidalgo county water improvement district No. 2, and shall faithfully keep the funds of said Hidalgo county water improvement district No. 2, and account for the same according to law, then this obligation shall become null and void; otherwise to remain in full force and effect.

"Witness our hands and the seal of said bank on this the 8th day of March, A. D. 1921.
          "San Juan State Bank & Trust Company,
               "By Albert Ewers, President.
                    "Albert Ewers,
                    "W. G. Rice,
                    "R. L. Savage,
                    "F. C. Platt,
                    "R. J. Gaines,
                    "G. H. Molby,
                    "A. A. Hughes."

The bond was duly acknowledged on the date of its execution. After the bond had been signed and acknowledged by the other sureties, it was presented to A. A. Hughes by the vice president of the bank, and under representations by said vice president that other additional solvent sureties would be procured, signed the bond, but no others were procured. The order designating depositories and accepting bonds was not filed or approved by the county judge. Deposits were first made in appellee bank January 10, 1921, and deposits were continued until November 3, 1921. The bond was dated March 8, 1921, and was accepted and approved by appellant on April 14, 1921. The bank was a going concern and doing business until November 15, 1921. When it was closed it was indebted to appellant in the sum of $36,218.61, less a credit of $7,243, that is to say, $29,975.61, which sum was for money deposit-

ed by appellant in the bank. At the time the bond was approved on April 14, 1921, appellant had to its credit in the bank, the sum of $57,563.29. From that time to November 15, 1921, when the bank closed, appellant deposited in the bank $21,155.72, making in the aggregate the sum of $79,718.99, due to appellant. From this amount appellant had checked out so as to leave due it when the bank closed the sum of $36,218.61.

[2] The findings of fact do not disclose that appellant had any knowledge that Houston Jones, vice president of the bank, had by false statements, as to obtaining other sureties on the bond, induced A. A. Hughes to sign the bond. When the bond was approved by appellant, the name of Hughes appeared in the body of the bond, and was appended thereto as a surety. Appellant could not be bound by the representations of Jones. If appellant had been notified that Hughes had signed the bond upon conditions, appellant would have been bound by such conditions, but not otherwise. Loving v. Dixon, 56 Tex. 75; Kugle v. Bank (Tex. Civ. App.) 252 S. W. 208; Garner v. McGowen, 27 Tex. 487; Ballow v. Wichita County, 12 S. W. 48, 74 Tex. 339.

[3, 4] It was found by. the trial judge that E. H. Griffith was a director of the water district and also of the appellee bank, and it is contended that, under the Laws of 1921, p. 22, § 7 (Vernon's Ann. Civ. St. Supp. 1922, art. 5107—100), before the selection of such bank as a depository, by the approval of the bond by appellant, became effective, it should have been approved by the county judge. The law of 1921 requires a depositor for a water district to be selected by its directors under the same provisions as are provided for the selection of a depository for counties. The approval of the county judge is required only when the highest and best bidder is a bank in which members of the water board may be shareholders or directors in the bidding bank. The depository for appellant was not selected by bids but by a selection of four banks in which the funds should be deposited. The bond given by appellee may not have been a statutory one provided for depositories, but was a legal bond, and valid and binding. There is no provision in the law prohibiting the execution of such a bond by a bank, nor its acceptance and approval by the directors of a water district. Weddington v. Jones, 91 S. W. 818, 41 Tex. Civ. App. 463. It might not have created a regular legal depository, but it most certainly created an obligation under the statute on the part of the bank and its sureties to protect and return the public funds placed in the bank. It would be in the face of public policy, if not common honesty and decency, to hold that such a bond was invalid, because the details of the law were not complied with in the selection of a depository.

[5] It may be true that the $47,687.99, which was to the credit of appellant on the books of the appellee bank, was a credit arising from a check given by the Louisiana Rio Grande Canal Company to appellant, which the bank charged to the canal company and credited to appellant, without any cash being handled. It created a deposit for the amount in favor of appellant, and was a sum for which the sureties bound themselves when the bond was approved on April 14, 1921. The amount constituted funds which the bond bound the bank to faithfully return, and constituted a fund from which checks of appellant were to be paid under the bond obligation that the bank should "make payment upon presentation of all checks drawn upon it," and for which funds the bank was to account according to law. Checks were paid out of the fund arising from the check given by the canal company, because, after the bond was given, only $21,155.72 was deposited by appellant and $44,092.26 was checked out, making an amount of $24,936.54 checked out in excess of the amount deposited. A portion of that excess must necessarily have come out of the amount on hand when the bond was given, and it is not denied that the bank owed appellant $36,218.61, when it was closed. If the bank owed that sum, the sureties owed it. There was no circumstance shown which in any way relieved the sureties of liability.

[6] The law of 1921 (Vernon's Civ. Stats. Supp. 1922, art. 5107—100) provides for the selection of depositories by water improvement districts through the directors, in the same way that commissioners' courts select them for counties, and article 2445, Rev. Stats., provides that, in case no bid is accepted for the funds of the county the commissioners' court may deposit the funds of the county with any one or more banking corporations, associations, or individual bankers in the county or adjoining counties, in such sums as may be deemed advisable by the commissioners' court. Appellant advertised for bids for a depository, but rejected all bids, and then, under the provisions of article 2445, deposited its funds in four banks. It was an entirely legal proceeding, and the bond given by the appellee bank was a statutory bond. However, whether the bond was statutory or common law or neither, it was undoubtedly a contract upon the part of the sureties to indemnify appellant for loss of its funds held by the appellee bank.

The judgment will be affirmed as to the bank, but will be reversed as to the sureties, and judgment rendered against them for the amount for which the bank was held bound.