## CARSON et al. v. DE WITT COUNTY et al. (No. 8291.)

Court of Civil Appeals of Texas. San Antonio. Dec. 11, 1929.

Rehearing Denied Jan. 15, 1930.

Durell Miller, of Yoakum, and H. W. Wallace, of Cuero, for appellants.

Proctor, Vandenberge, Crain & Mitchell, of Victoria, and Crain & Hartman, of Cuero, for appellees.

SMITH, J. In February, 1927, the commissioners' court of De Witt county selected the First State Bank of Westhoff, in said county, as the official depository of the public funds of said county, as provided in chapter 2, tit. 47, R. S. 1925 (article 2544 et seq.), and said bank executed its bond, with individual sureties, for the sum of $249,900, payable to the county and conditioned as required in article 2547. Late in the same year the bank executed its additional or supplemental bond, with personal sureties, in favor of the county in the sum of $100,000.

At the time the second bond was executed the county funds on deposit in the bank exceeded the amount of the original bond by about $3,500; that is to say, at the time the additional bond was given, the sum of $253,-000 of the county funds was on deposit in the bank. Speaking in round numbers, during the ensuing eight months the county deposited in the bank additional sums aggregating $266,000, and withdrew sums aggregating $366,000, leaving a balance on deposit of $153,000. At that juncture the bank failed, and this suit was brought by the county against the bank and the sureties upon both bonds, to recover the amount on deposit at the time the bank ceased to do business, to wit, $153,000. Judgment was rendered, upon a trial before the court without a jury, in fa-vor of the county against the principal for all of said amounts, and against the sureties upon the second bond for $100,000, the amount thereof, and against the sureties on the original bond for the balance of $53,000. Carson and two others, who were sureties on the second bond, but not on the first, have appealed from the judgment against them.

It is provided in article 2547. that, when the county depository is selected by the commissioners' court in the manner prescribed in chapter 2, tit. 47 (as was done in this case), it shall give a "bond or bonds" equal in amount to the public funds to be deposited with it by the county during the tenure of its office, as such depository; in article 2548, it is provided, in substance, that if, after the giving of such original bond, any "funds or moneys from the sale of bonds or otherwise" shall accrue to the county or any of its subdivisions for whose funds the county has assumed responsibility, it shall require the depository to give an "additional bond as such depository in a sum equal to the whole amount of such special fund, to be kept in force so long as such fund remains in such depository"; and in article 2556 it is provided, simply, that if the commissioners' court "shall at any time deem it necessary for the protection of the county, it may require any depository to execute a new bond."

The statutes do not seem to provide for any other bonds of depositories than those prescribed in said articles 2547, 2548, and 2556, as above set out in substance. Nor is there any provision in the statute prohibiting county commissioners' courts from entering into other contracts of security with their depositories, or from requiring depositories to make other or additional bonds than those expressly provided for in those articles. In short, there appears to be no express legislative restriction upon the authority of commissioners' courts to take such other steps than those expressly prescribed, as they may deem necessary or advisable, in their discretion, to protect county funds intrusted to the depositories.

The bond now in question was conditioned as follows:

"The conditions of the foregoing obligation are such that whereas the above bound principal, First State Bank of Westhoff, Westhoff, Texas, is the duly authorized, bonded and acting county depository, and further security has been required of said bank as such depository, to cover additional moneys, contemplated to be deposited with said bank:

"Now, therefore, if the above bounden First State Bank of Westhoff, Texas, shall faithfully do and perform all the duties and obligations devolving on it by law as the county depository of De Witt county, and shall upon presentation, pay checks drawn on it by the county treasurer of De Witt county, Tex-

as, shall faithfully keep and account for all funds belonging to the county which are deposited with it and all other funds deposited with it under the requirements of chapter II, Acts of the Thirty-fifth Legislature passed at its regular session, and shall pay the interest at the time and at the rate hereinabove stipulated; and shall at the expiration of the term for which it has been chosen turn over to its successor all the funds, property and other things of value coming into its hands as such depository then and in that event this obligation is to be and become null and void; otherwise to remain in full force and effect."

The ultimate effect of appellants' contention is that the power of the commissioners' court to require bonds of depositories is restricted to those specified in articles 2547, 2548, and 2556, and that in order to constitute it a binding contract upon the sureties the bond here involved must be brought within and tested by the provisions of one of those three articles; that said bond, when properly classified, was such a "special additional" bond as that contemplated in article 2548, in which it is provided that such bond shall be "in a sum equal to the whole amount of such special fund [to secure which the bond is given], to be kept in force so long as such fund remains in such depository." It is contended that by reason of this forced classification the obligation of the bond must be tested by this provision in the statute and the liability of the obligors limited to the safe-keeping of such special fund; that, as there was no evidence of the loss of any special fund deposited subsequent to the giving of the bond, the obligors were thereby released, notwithstanding the total county funds lost exceeded the amount of the bond. Appellants further contend that the language of the bond in question, when its whole text is considered and construed together, brings it squarely under the provision of article 2548, and in terms limits their liability to such "special" funds as were subsequently deposited and lost.

This court rejects any contention that, in order to bind the obligors upon a county depository bond, such instrument must conform strictly, or even substantially, to the form or conditions of either of the three bonds provided for in articles 2547, 2548, and 2556, respectively. The object of the statutes is to require county commissioners' courts to safeguard public funds against loss through the insolvency of depositories, and it will not be presumed, in the absence of express statutory provision to that effect, that by prescribing a specific method of selecting depositories and securing deposits of the public funds therein, the Legislature intended to deprive the county of its right and duty, to be exercised through its constitutional authorities, to take any other lawful or practical

steps deemed necessary and prudent to effectuate that object. If the county commissioners perform the prescribed duty imperfectly, or in a manner not in strict compliance with the prescribed procedure, and yet effectuate the public purpose by other acts not prescribed but not unlawful within themselves, the law will not nullify those acts to the public injury at the behest of others who have profited thereby.

So, for this reason, if no other, the obligation of the bond involved here will not be tested and the liability of the sureties thereon fixed by the language of article 2548, even if the bond must be classified with those provided for in that Article, which need not be determined here. And this, notwithstanding the rule that in construing such bonds the laws under which they are required must be taken into consideration. In short, the bond must be tested by its own terms, which, if plainly expressed, must be given effect as written; if ambiguously expressed, the intention of the parties may be ascertained from pleaded and proven extrinsic facts and circumstances, and enforced accordingly.

There were no pleadings urged below, or evidence offered to show, that the language or provisions of the bond involved is ambiguous, or that it does not truly or accurately express the intention or agreement of the parties. So, the instrument must be taken and construed as it is written, and the intention of the parties must be gathered from the whole instrument, viewed from its four corners, and liberally construed in favor of the public and of the object to be effectuated.

Now, as stated, appellants, as sureties, contend that the second bond was required and given under and by virtue of the provisions of article 2548 alone, and that their liability, as fixed by those provisions and by the language of the instrument, was limited to the specific "special" funds subsequently deposited in the bank by reason and as a consequence of the execution and delivery of that bond, and that as it was not shown, but negatived, that any such specific funds were on deposit and therefore lost when the bank failed, the sureties upon said bond were relieved of liability.

The contention is without merit. For the bond must be tested alone by the language of its obligation, which is plain, unambiguous. There is no restriction of the obligation to any special fund or monies, then on deposit or thereafter to be deposited. According to its terms, the bond was given because, as recited in the preamble of the instrument, "further security has been required of said bank as such depository, to cover additional money contemplated to be deposited with said bank." Appellants urge this recitation as effectuating the asserted limitation of their liability, but such construction is a strain upon the lan-

414

guage employed, or at least it is so doubtful that it should not be selected in order to effect a forfeiture. On the other hand, in view of the known situation of the parties, and of the pertinent statutes, and of public policy, the quoted recitation may be quite reasonably construed to mean that as the county deposits then exceeded the amount of the original bond, and as other funds were accruing and would further accrue to the county, it was necessary as a protection to the flexing fund that the secured liability of the depository be supplemented or increased, so as to encompass the existing and probable future excess of deposits over the existing secured liability. There is nothing in the recitation which would necessarily, or even reasonably, limit the purpose of the bond to the security of specific or other deposits to be thereafter made.

But if the purpose of the quoted recitation might be construed, when considered alone as a part of the preamble, as a limitation upon the liability of the obligors, such construction would be overcome by the specific obligation assumed by the obligors to "safely keep and account for *all* funds belonging to the county which are deposited with it, and *all other funds deposited with it* under the requirements of" existing law. The plain meaning of such obligation is that the bond was intended to cover, not only funds to be subsequently deposited, but those already deposited as well. It can be no more reasonably inferred from the language of the bond that it was designed to secure only specific funds, or other funds, thereafter to be deposited and not withdrawn, than that it was designed to cover only such funds as were then on deposit. And it must and will be presumed that, if it was desired or intended by the parties to limit the liability of the obligors to specific funds, or funds thereafter to be deposited and not withdrawn, express language effectuating that purpose would have been incorporated in the obligation. Sullivan v. City of Galveston (Tex. Civ. App.) 17 S.W. (2d) 478; Commercial Guaranty Bank v. City of Longview (Tex. Civ. App.) 11 S.W.(2d) 217; Hidalgo County Water Improvement District No. 2 v. Bank (Tex. Civ. App.) 280 S. W. 845; Blakeney et al. v. Johnson County (Tex. Civ. App.) 253 S. W. 333; Austin v. Lamar County (Tex. Civ. App.) 11 S.W.(2d) 553.

We therefore hold that by the terms of the bond the obligors were liable to the county for all funds, not to exceed the amount of the bond, on deposit with the principal at the time it became insolvent and ceased to pay those deposits. And the court did not err in distributing the liability between the sureties upon the two bonds as in the case of debtor and creditor. City Nat. Bank v. Eastland County (Tex Civ. App.) 12 S.W.(2d) 662, 667.

The judgment is affirmed.

*On Motion for Rehearing.*

It appearing that prior to the rendition of judgment of affirmance as to all parties the appellees and appellant Carson filed in this court an agreed motion that the appeal be dismissed as to appellant Carson, that motion will be granted, and the judgment of affirmance, heretofore rendered, will be modified to apply only to appellants other than said Carson.